SURTMAN v. SECRETARY OF STATE.

1. STATUTES—AMENDMENTS.

The legislature, in amending an act, is not required to re-enact and publish the amended act in full (Const. 1908, art. 5, § 21).

2. SAME—AMENDMENT—PUBLICATION AT LENGTH.

In so far as an amendatory act does alter or amend a previous act by express language and is published at length and in so far as the change or alteration is by implication merely, it does not offend the provision of the Constitution relative to re-enactment and publication at length (Const. 1908, art. 5, § 21).

3. SAME—USE OF SHORT TITLES DURING LEGISLATIVE PROCESS.

Legislative procedure whereby title of bill, proposing amendment to an act which contains a so-called short title, contains such short title until bill is passed by house of legislature other than that of origin, title of bill is then amended to contain full title and amendment is then concurred in by both houses of the legislature does not violate provisions of Constitution that no law shall embrace more than one object which shall be expressed in its title and that no law shall be revised, altered or amended by reference to its title only but that the act revised and the section or sections of the act altered or amended shall be re-enacted and published at length (Const. 1908, art. 5, § 21; Act No. 203, Pub. Acts 1933, as amended by Act No. 248, Pub. Acts 1943).

4. AUTOMOBILES—STATUTES—TITLE OF FINANCIAL RESPONSIBILITY ACT—AMENDMENT—OBJECT OF ACT—REPORTS.

The title of the motor vehicle financial responsibility act of 1933, in stating that the primary object of the act was to require financial responsibility on the part of owners and operators of motor vehicles, is sufficient to embrace the object of a section added by an amendatory act wherein the operator or owner of

a motor vehicle involved in an accident in which anyone is killed or injured is required to give to the secretary of State a written report containing the names and addresses of owners and operators of all cars involved, of all persons injured or killed, the date, time, and place of accident and name of insurance carrier of operator or owner, and providing for self-insurance, limited inspection of report, penalties and suspension of operator's license (Const. 1908, art. 5, § 21; Act No. 203, § 3a, Pub. Acts 1933, as added by Act No. 248, Pub. Acts 1943).

5. STATUTES—AMENDMENT.

Whatever might have been incorporated into a statute upon its original enactment may be added thereto by way of amendment under the most general title.

6. SAME—AMENDMENT—STATEMENT OF OBJECT IN TITLE OF ACT.

An amendatory act which fails to show any objects foreign to the statement in the title of the act being amended and which amendment contains matter to be expected within the body of an act bearing such title is not unconstitutional because contrary to provisions of Constitution setting forth requisites of titles to acts (Const. 1908, art. 5, § 21; Act No. 203, § 3a, Pub. Acts 1933, as added by Act No. 248, Pub. Acts 1943).

7. CONSTITUTIONAL LAW—DISCRIMINATION—CLASS LEGISLATION.

That a rule of law may in certain instances work a hardship does not violate the due-process clause of the Constitution, provided it operates without any discrimination and in like manner against all persons of a class.

8. SAME—MOTOR VEHICLE FINANCIAL RESPONSIBILITY LAW—CLASSIFICATION—REPORTS.

The classification of act, amending the motor vehicle financial responsibility act, requiring owners and operators of motor vehicles, except operators of vehicles owned by the public, to file reports of certain accidents containing certain information and providing penalty and suspension of operator's license for failure to do so is neither arbitrary, capricious nor unreasonable (Act No. 203, § 3a, Pub. Acts 1933, as added by Act No. 248, Pub. Acts 1943).

9. AUTOMOBILES—FINANCIAL RESPONSIBILITY ACT—REPORTS OF ACCIDENTS—CONSTITUTIONAL LAW—EQUAL PROTECTION—DUE PROCESS—SELF-INCRIMINATION.

Act, amendatory of the motor vehicle financial responsibility act, which requires the filing with the secretary of State of reports of accidents in which persons are killed or injured and

containing certain information, does not violate the equal-protection and due-process clauses of the State and Federal Constitutions nor the constitutional guaranty against self-incrimination where report made is not open to general public inspection (U. S. Const. Am. 14; Mich. Const. 1908, art. 2, §§ 1, 16; Act No. 203, § 3a, Pub. Acts 1933, as added by Act No. 248, Pub. Acts 1943).

10. SAME—CONSTITUTIONAL LAW—MUNICIPAL CONTROL OF STREETS.
Act, amendatory of the motor vehicle financial responsibility act, which requires the filing with the secretary of State of reports of accidents in which persons are killed or injured and containing certain information, does not infringe upon the reasonable control of streets reserved to municipalities by the Constitution (Const. 1908, art. 8, § 28; Act No. 203, § 3a, Pub. Acts 1933, as added by Act No. 248, Pub. Acts 1943).

11. CONSTITUTIONAL LAW—REASONABLE CONTROL OF HIGHWAYS BY MUNICIPALITIES.
The reasonable control of highways reserved to municipalities by the Constitution is such control as cannot be said to be unreasonable and inconsistent with regulations which have been established, or may be established, by the State itself with reference thereto, thus permitting. a municipality to recognize local and peculiar. conditions and to pass ordinances regulating traffic on its streets not contravening State laws (Const. 1908, art. 8, § 28). .

12. LICENSES—CONDITIONS IMPOSED UPON GRANT BY STATE.
In accepting a license from the State, one must also accept all reasonable conditions imposed by the State in granting it.

13. COSTS—PUBLIC QUESTION—CONSTITUTIONAL LAW—MOTOR VE-HICLE FINANCIAL RESPONSIBILITY ACT AMENDMENT.
No costs are allowed in suit against secretary of State to enjoin enforcement of act, amending the motor vehicle financial responsibility act and requiring reports of certain accidents, where public question concerning constitutionality of the amendatory act is involved (Act No. 203, § 3a, Pub. Acts 1933, as added by Act No. 248, Pub. Acts 1943).

Appeal from Wayne; Marschner (Adolph F.), J. Submitted April 13, 1944. (Docket No. 50, Calendar No. 42,710). Decided June 30, 1944. Rehearing denied September 5, 1944. Application for certiorari to Supreme Court of Michigan filed in Su-

preme Court of the United States withdrawn December 4, 1944.

Bill by John Earl Surtman and others against Herman H. Dignan, Secretary of State, to restrain enforcement of Act No. 203, § 3a, Pub. Acts 1933, as added by Act No. 248, Pub. Acts 1943. Isaac B. Holley and others intervene as parties plaintiff to obtain the same relief. Decree for defendant. Plaintiffs and interveners appeal. Affirmed.

*Edward N. Barnard,* for plaintiffs.

*Roxborough & Taliaferro,* for intervening plaintiffs.

*Herbert J. Rushton,* Attorney General, *Foss O. Eldred,* Deputy Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Daniel J. O'Hara* and *Maurice M. Moule,* Assistants Attorney General, for defendant.

BUSHNELL, J. The validity and constitutionality of Act No. 248, Pub. Acts 1943 (Comp. Laws Supp. 1943, §§ 4685–53, 4685–53a, Stat. Ann. §§ 9.1543, 9.1543[1]), is challenged in this appeal. The title of the act is as follows:

"An act to amend section 3 of Act No. 203 of the Public Acts of 1933, entitled, 'An act to provide for the revocation and suspension of operators' and chauffeurs' licenses and registration certificates; to require proof of ability to respond in damages for injuries caused by the operation of motor vehicles; to prescribe the form of and conditions in insurance policies covering such risks; to subject such policies to the approval of the commissioner of insurance; to provide for the payment of judgments in instalments in certain cases so as to meet the requirements of this act; to provide for furnishing by the secretary of State of information relative to the operating records of any person; to authorize the secretary of

State to make rules for the administration of this act and to prescribe penalties for the violation of the provisions thereof,' as last amended by Act No. 216 of the Public Acts of 1939; and to add to said act a new section to stand as section 3a thereof."

Act No. 203, Pub. Acts 1933 (Comp. Laws Supp. 1940, §§ 4685–51—4685–69, Stat. Ann. §§ 9.1541–9.1557), is known as "the Michigan motor vehicle financial responsibility act of 1933." The only change which the 1943 act made in the 1933 act as amended, so far as section 3* is concerned, is to require satisfaction within 30 days of any judgment involving damages "in excess of $50" instead of "in excess of $300," as provided in the original act. No question is raised on this appeal as to the change in section 3.

Section 3a, which was added to the original act, is questioned on the following grounds, (a) that the legislature failed to observe constitutional provisions in the legislative process of its adoption of the added section, and (b) that the added section contravenes various provisions of both State and Federal Constitutions. Appellants argue that the 1943 enactment is void because the legislature (1) failed to publish at length or to re-enact the act revised, and (2) because the amendment embraces more than one object, which is not expressed in its title. Appellants also contend that the act is void because (1) it violates the equal-protection-of-the-laws clauses of both Constitutions, (2) the due-process-of-law clauses, (3) it is contrary to the provisions of the guaranties against self-incrimination, and (4) it infringes upon the right of municipalities to reasonable control of their streets.

---

* This section of the original act was amended by Act No. 250, Pub. Acts 1935; by Act No. 228, Pub. Acts 1937, wherein the maximum amount of judgment was reduced from $300 to $150; by Act No. 216, Pub. Acts 1939, wherein the maximum amount of judgment was further reduced to $75.—REPORTER.

Section 3a, in substance, requires every operator or owner of a motor vehicle involved in an accident in which any person is killed or injured, to report in writing to the secretary of State, giving the names and addresses of the owners and operators of all motor vehicles involved, of all persons injured or killed, the date, time and place of the accident, and the name of any insurance carrier whose policy of insurance was in force and applicable to the liability of the owner or operator. Failure to furnish such report within 10 days constitutes a misdemeanor and sufficient ground for the suspension or revocation of the operator's license and registration certificate, unless showing of financial responsibility is made. The suspension is to continue until such proof is furnished, unless the injury or death claims are satisfied. The section provides a method for releasing the security and for self-insurance permits to be issued to the owner or operator of 25 or more motor vehicles. It also provides that the report may be examined by any person named therein, or his attorney, and for otherwise withholding the same from public inspection. It states that the provisions of the section shall not be applicable to any motor vehicle, or driver thereof, owned by the State or any agency, municipality or political subdivision thereof.

Plaintiffs Surtman, Pfeiffer, and others, owners and operators of motor vehicles, filed a bill in equity to enjoin defendant Dignan, secretary of State, from enforcing the provisions of section 3a of the act. The trial judge entered a decree denying such relief and dismissed the bill of complaint and an intervening bill, which was filed in the cause. From this decree plaintiffs and interveners have appealed.

The 1943 session of the legislature adopted Joint Rule 15, generally known as the "short-title" rule. It provides, in substance, that, when considering an amendment to an act which had been given a short

title, such as the one here involved, the title of a proposed amendment during its passage through both houses is required to contain only the "short title" of the act proposed to be amended with the chapter, part numbers, and compiler's section numbers, if any, and the year of compilation. Following the passage of an amendment in the house other than the house of origin, the title is there amended by striking out the "short title" and inserting in lieu thereof the last full title of the amended act, together with such other corrections and amendments as may be necessary, so that the amended title may be agreed to by the house in which the bill originated.

Such procedure was followed in the enactment of the amendment to the act in question. Appellants say this is a violation of the Constitution of 1908, art. 5, § 21, which reads in part as follows:

"Sec. 21. No law shall embrace more than one object, which shall be expressed in its title. No law shall be revised, altered or amended by reference to its title only; but the act revised and the section or sections of the act altered or amended shall be re-enacted and published at length."

This constitutional provision expressly refers to the title of an act as enacted, rather than to the title of a bill during its various steps towards enactment. The act in question did not attempt to amend the original act by reference only to the title of that act, but made the change in the original act by re-enacting section 3 in its entirety, as amended, and adding a new section 3a in full.

The legislature was not required to re-enact and publish the amended act in full. *People* v. *Shuler*, 136 Mich. 161.

We need not repeat the discussion of this proposition as stated in *People* v. *Stimer,* 248 Mich. 272 (67 A. L. R. 552), where the court said:

"In so far as the act under consideration revises, alters, or amends Act No. 181, Pub. Acts 1919, it does so in express language, published at length; and in so far as the change or alteration is by implication merely, it does not offend the constitutional provision."

Under the doctrine of "reasonable construction" enunciated by Mr. Justice Cooley in *People, ex rel. Drake,* v. *Mahaney,* 13 Mich. 481, 496, 497, the legislative procedure here involved cannot be said to violate this constitutional provision.

But, say the appellants, the amendment embraces more than one object, which is not expressed in its title. It should be noted that the legislature did not amend the title to the original act, and that title is sufficient to give notice to all concerned of the general object of the act and the interests likely to be affected. The act has but one primary object, *i. e.,* to require financial responsibility on the part of owners and operators of motor vehicles, and the general object of the added section is completely within the object of the original act and is identical therewith. As said in *Common Council of Detroit* v. *Schmid,* 128 Mich. 379, 388 (92 Am. St. Rep. 468):

"Whatever might have been incorporated into the original act under the title of such original act may be added by way of amendment under the most general title."

Consideration of the language of the added section does not show any objects which are foreign to the statement in the title of the original act, and the amendment contains matter which should be ex-

pected within the body of an act bearing the original title of this act. See *Weco Products Co.* v. *Sam's Cut Rate, Inc.,* 296 Mich. 190, 196, and authorities therein cited.

A still more recent discussion of this question may be found in *Jacobson* v. *Carlson,* 302 Mich. 448, where other authorities are also cited, and the amendment was held to be "equally germane, auxiliary and incidental" to the general purpose of the act there in question.

Although appellants concede that the legislature might, if it saw fit, provide for compulsory automobile insurance against personal injury or death claims, they nevertheless take the position that the "unreasonable" restrictions imposed upon the operation of motor vehicles on the highways of this State deprive plaintiffs of certain constitutional guaranties. In their argument appellants attempt to distinguish between those owners and operators casually involved in an accident without negligence or culpability and those otherwise involved. They deem this to be a violation of the equal-protection clauses of the Constitutions.

Certain owners and operators are required to file written reports, although the operators of vehicles owned by the public are not required to do so.

The test to be applied is one of "reasonableness." The restrictions imposed by the legislature are for the purpose of protecting the life and safety of the traveling public. As pointed out by the trial judge:

"Appalling misuse of the highways by irresponsible drivers has brought forward the urgent problem of insuring persons injured or the families of persons killed in automobile accidents that the person liable for such loss will be in a position to pay."

"The fact that a rule of law may in certain instances work a hardship does not violate the due-

process-of-law clause of the Constitution, provided it operates without any discrimination and in like manner against all persons of a class." *Peoples Wayne County Bank* v. *Wolverine Box Co.,* 250 Mich. 273, 281 (69 A. L. R. 1024).

We also agree with the following statement of the trial judge:

"Even though it may be said that the classification prescribed by the legislature in this amendment might be discriminatory, it cannot be held to be unconstitutional unless it is constructively unreasonable and held as arbitrary classification. The classification so fixed in this act is by no means capricious or without an adequate determining principle. It was the evident intent of the legislature in enacting this law to secure greater public safety."

The classification is neither arbitrary, capricious nor unreasonable. *Naudzius* v. *Lahr,* 253 Mich. 216 (74 A. L. R. 1189, 30 N. C. C. A. 179).

The act in question does not violate the equal-protection and due-process clauses of the State and Federal Constitutions.[*]   Nor does it deprive the owner or operator of a motor vehicle of his constitutional guaranty (Const. 1908, art. 2, § 16) against self-incrimination by requiring the filing of a report when a vehicle is involved in an accident resulting in the death or injury of any person.

This same question was decided in *People* v. *Thompson,* 259 Mich. 109, and decision there is controlling here.   The requirements of this act are similar to those found in the uniform motor vehicle act, Act No. 318, Pub. Acts 1927, as amended, and particularly section 30 thereof.   2 Comp. Laws 1929, § 4722, as amended by Act No. 318, Pub. Acts 1939

---

[*] See U. S. Const. Am. 14; Mich. Const. 1908, art. 2, §§ 1, 16.—Reporter.

(Comp. Laws Supp. 1940, § 4722, Stat. Ann. 1943 Cum. Supp. § 9.1590).

Appellants charge that the act infringes upon the right of the various municipalities of the State to exercise reasonable control of their streets, as provided in the Constitution of 1908, art. 8, § 28.

The reasonable control of streets reserved to municipalities by the Constitution is not impaired by legislation which seeks to maintain safety upon the public highways any more than such reasonable control is infringed by requiring motor vehicles operating upon such streets to be licensed by the State. As said in *People* v. *McGraw,* 184 Mich. 233, 238:

"In other words, the municipality retains *reasonable control* of its highways, which is such control as cannot be said to be unreasonable and inconsistent with regulations which have been established, or may be established, by the State itself with reference thereto. This construction allows a municipality to recognize local and peculiar conditions and to pass ordinances regulating traffic on its streets, which do not contravene the State laws."

We have not referred to the various financial responsibility acts enacted by many States. It is sufficient to say that more than 30 of the States have passed such legislation. One nearly in line with the statute in question is that of New Hampshire. Its constitutionality was sustained in *Rosenblum* v. *Griffin,* 89 N. H. 314 (197 Atl. 701, 115 A. L. R. 1367). Decision in the *Rosenblum Case* reached the same result as was reached by this court in *People* v. *Thompson, supra,* 123, where the court said:

"In accepting the license from the State, one must also accept all reasonable conditions imposed by the State in granting the license. The State has seen fit to impose as such conditions the various pro-

visions embodied in section 30.   These provisions are not only humanitarian, but obviously contribute to the mutual welfare and safety of all users of the highways.''

The decree dismissing appellants' and interveners' bills is affirmed, but without costs, a public question being involved.

NORTH, C. J., and STARR, WIEST, BUTZEL, SHARPE, BOYLES, and REID, JJ., concurred.