KRIGER v SOUTH OAKLAND COUNTY MUTUAL AID PACT

1. CONSTITUTIONAL LAW—STATUTES—CLASSIFICATION—EQUAL PROTEC-
   TION.
   The "rational basis" test of statutory classification applies when a
   law allegedly infringing equal protection creates no fundamen-
   tal rights, and if a reasonable relation exists between the
   classification and some legitimate state interest, no denial of
   equal protection results.

2. CONSTITUTIONAL LAW—STATUTES—EQUAL PROTECTION—GOVERN-
   MENTAL TORT-FEASORS.
   Withholding a legal remedy from persons injured by the state,
   while granting one to persons injured by nongovernmental tort-
   feasors, does not offend the equal protection clause because the
   constitution does not require things which are different in fact
   or law to be treated as though they were the same and the
   Fourteenth Amendment does not deny to states the power to
   treat different classes of persons in different ways (US Const,
   Am XIV).

3. STATUTES—CLASSIFICATION—EQUAL PROTECTION—BURDEN OF
   PROOF.
   States have the power to enact laws which affect some groups of
   citizens differently from others if the classification is reasona-
   ble, and one who assails a classification in a statute on ground
   that it violates equal protection of the law has the burden of
   showing that the classification has no reasonable basis.

4. CONSTITUTIONAL LAW—STATUTES—EQUAL PROTECTION.
   Equal protection of the laws is not denied by a course of proce-
   dure which is applied to legal proceedings in which a particular

REFERENCES FOR POINTS IN HEADNOTES
[1] 16 Am Jur 2d, Constitutional Law § 495.
[2] 16 Am Jur 2d, Constitutional Law §§ 485, 493.
[3] 16 Am Jur 2d, Constitutional Law §§ 526–530, 551.
[4] 16 Am Jur 2d, Constitutional Law §§ 335, 485–493.
[5] 16 Am Jur 2d, Constitutional Law §§ 468, 469.
[6, 8] 16 Am Jur 2d, Constitutional Law § 150.
[7] 16 Am Jur 2d, Constitutional Law §§ 488, 526–531.

person is affected, if such a course would also be applied to any other person in the state under similar circumstances and conditions.

5. STATUTES—GOVERNMENTAL IMMUNITY—EQUAL PROTECTION.

Plaintiff, a 17-year old amateur photographer who was suddenly and without provocation assaulted and beaten by three unidentified police officers at the scene of a disturbance, failed to sustain his burden of showing that the governmental immunity statute denied him equal protection of the laws in an action against a municipal corporation arising out of the assault (MCLA 691.1407).

6. STATUTES—TITLE—LEGISLATURE.

The Legislature has the inherent power to cure a defective title of an act by amending the title.

7. STATUTES—LEGISLATURE—GOVERNMENTAL IMMUNITY.

The title of an amendatory act which set out the intent to amend the title and certain sections of a public act dealing with governmental immunity conforms with the constitutional mandate which requires the title of a statute to accurately express the object of the law (Const 1963, art 4, § 24).

8. STATUTES—TITLE.

The title to an enactment is required to be expressive of the purpose and scope of the enactment; if the enactment comes fairly within and is reasonably a component part of the purpose expressed in the title, it is not an interloper but a part thereof and so proper as to be expected therein.

Appeal from Oakland, William J. Beer, J. Submitted Division 2 June 19, 1973, at Detroit. (Docket No. 14291.) Decided August 28, 1973 Leave to appeal applied for.

Complaint by Mark Kriger, by his next friend Margaret Kriger, against the South Oakland County Mutual Aid Pact, the City of Berkley, and others, for damages for injuries resulting from assault and battery, libel and slander, and negligence in training police officers, and for injunctive relief. Summary judgment for defendant City of Berkley. Plaintiff appeals. Affirmed.

*Jonathan I. Rose,* for plaintiff.

*Patterson & Patterson, Whitfield, Manikoff and White* (by *Robert G. Waddell),* for defendant City of Berkley.

Before: QUINN, P. J., and J. H. GILLIS and BASHARA, JJ.

J. H. GILLIS, J. Plaintiff appeals the grant of a summary judgment motion in favor of defendant City of Berkley. For purposes of review, all factual allegations of the complaint are considered as true.

On August 25, 1970, a disturbance took place at Memorial Park in Royal Oak, Michigan. Police were ordered to the scene to restore order. Plaintiff, a 17-year-old amateur photographer, had been observing the altercation from a vantage point across the street. Suddenly and without provocation, three police officers assaulted and beat him, causing severe and lasting injuries. The assailants were not attempting to arrest plaintiff. The incident was recorded by newspaper photographers and TV cameramen and later published and broadcast. The officers involved could not be identified.

Plaintiff sued the South Oakland County Mutual Aid Pact, the 18 member cities of the Pact, and 3 unidentified police officers. His complaint sounded in tort for assault and battery, libel and slander, and the negligence of the Mutual Aid Pact and the 18 defendant cities in training police officers. Plaintiff sought compensatory damages and injunctive relief.

Defendant City of Berkley moved for summary judgment, contending MCLA 691.1407; MSA 3.996(107), shields it from liability. Plaintiff appeals, asserting that the statute denies him equal

protection of the law. He argues that the statute arbitrarily and unreasonably discriminates by denying relief to victims of public tort-feasors while according relief to victims of private tort-feasors for the same tort. Briefly, he argues that predicating a right to relief on public vis-a-vis private identity of the tort-feasor strains logic. He asserts further that equal protection is denied by according relief to certain victims of public tort-feasors while denying it to others because the Legislature employed no rational scheme to create exceptions.

Courts in other jurisdictions have summarily dismissed similar equal protection claims. *Cf. Hall v Powers,* 6 Pa Commonwealth 544; 296 A2d 535 (1972); *Sullivan v Midlothian Park District,* 51 Ill 2d 274; 281 NE2d 659 (1972); *Lewis v City and County of San Francisco,* 21 Cal App 3d 339; 98 Cal Rptr 407 (1971); *Flournoy v State,* 230 Cal App 520; 41 Cal Rptr 190 (1964); *Hayes v State,* 231 Cal App 48; 41 Cal Rptr 502 (1964).

Plaintiff relies on *Krause v State,* 28 Ohio App 2d 1; 274 NE2d 321 (1971), and cases cited therein. That intermediate appellate court found the Ohio governmental immunity scheme so riddled with exceptions that it created serious inequalities in its operation. Plaintiff's reliance is misplaced. In addition to a questionable construction[1] and application of the traditional equal protection tests,[2] the

---

[1] *See Sovereign Immunity, Denial of Equal Protections,* 52 B U L Rev, 202, 204 (1972).

The Ohio Appeals Court (8th District) cited *Yick Wo v Hopkins,* 118 US 356; 6 S Ct 1064; 30 L Ed 220 (1886), and *Baker v Carr,* 369 US 186; 82 S Ct 691; 7 L Ed 2d 663 (1962), cases which dealt with "suspect classification" and "fundamental rights". Such situations require the state to prove a compelling state interest in the classification. Instead, the Ohio Court applied a "rational basis" test holding that the statutory distinctions were dependent "upon a gossamer as frail as that supporting those distinctions founded on nationality or race".

[2] For a suggested approach to the traditional labeling in the equal

decision was finally reversed by the Ohio Supreme Court. *Krause v State,* 31 Ohio St 2d 132; 285 NE2d 736 (1972), *appeal dismissed* 409 US 1052; 93 S Ct 557; 34 L Ed 2d 506 (1972).

The "rational basis" test applies when the law allegedly infringing equal protections creates no fundamental rights. The right claimed by plaintiff clearly falls within that class. If a reasonable relation exists between the classification and some legitimate state interest, no denial of equal protection results. *Wilkins v Ann Arbor City Clerk,* 385 Mich 670; 189 NW2d 423 (1971), citing *Naudzius v Lahr,* 253 Mich 216; 234 NW 581; 74 ALR 1189 (1931). Withholding legal remedy from persons injured by the state, while granting one to persons injured by nongovernmental tort-feasors does not offend the equal protection clause:

"The Constitution does not require things which are different in fact or opinion to be treated in law as though they were the same." *Tigner v Texas,* 310 US 141, 147; 60 S Ct 879, 882; 84 L Ed 1124 (1940).

"[T]he Fourteenth Amendment does not deny to States the power to treat different classes of persons in different ways." *Reed v Reed,* 404 US 71, 75; 92 S Ct 251, 253; 30 L Ed 2d 225, 229 (1971), cited in *Krause v State, supra,* 146; 285 NE2d 744.

Neither of plaintiff's alleged invidious classifications is sufficient. To deny the state its defense on plaintiff's reasoning is to "preclude the combined legislative judgment that there may be substantive differences between the two types of conduct". *Krause v State, supra,* 146; 285 NE 2d 745. States have the power to enact laws which affect some

protections area, see Gunther, *In Search of Evolving Doctrine on a Changing Court; A Model for a Newer Equal Protection, Supreme Court 1971 Term,* 86 Harv L Rev 1, (1972).

groups of citizens differently from others if the classification is reasonable:

"Although no precise formula has been developed, the Court has held that the Fourteenth Amendment permits the States a wide scope of discretion in enacting laws which affect some groups of citizens differently than others. The constitutional safeguard is offended only if the classification rests on grounds wholly irrelevant to the achievement of the State's objective. State legislatures are presumed to have acted within their constitutional power despite the fact that, in practice, their laws result in some inequality. A statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it." *McGowan v Maryland,* 366 US 420; 81 S Ct 1101; 6 L Ed 2d 393 (1961).

One who assails a classification on the grounds that it violates equal protection of law has the burden of showing that the classification has no reasonable basis. *Wilkins v Ann Arbor City Clerk, supra.* Plaintiff failed to sustain his heavy burden of proof. We think *Wood v Jackson County,* 463 SW2d 834, 835 (Mo, 1971), aptly stated the rule:

" 'It is a general rule that equal protection of the laws is not denied by a course of procedure which is applied to legal proceedings in which a particular person is affected, if such a course would also be applied to any other person in the state under similar circumstances and conditions. Equal protection of the laws of a state is extended to persons within its jurisdiction, within the meaning of the Fourteenth Amendment to the Federal Constitution, when its courts are open to them on the same condition as to others in like circumstances, with like rules of evidence and modes of procedure, for the security of their persons and property, the prevention and redress of wrongs, and the enforcement of contracts.' 16 Am Jur 2d, Constitutional Law, § 533, p 923."

Plaintiff next asserts that PA 1970, No 155 violates Const 1963, art 4, § 24, which requires the title of a statute to accurately express the object of the law. *Maki v East Tawas,* 385 Mich 151; 188 NW2d 593 (1971), voided PA 1964, No 170, § 7, because the title to the act did not indicate the broader and more inclusive immunity expressed in § 7, in contravention of the title-object rule. PA 1970, No 155, is entitled:

"AN ACT to amend the title and sections 4, 6 and 7 of Act No 170 of the Public Acts of 1964, entitled 'An act to make uniform the liability of municipal corporations, political subdivisions, and the state, its agencies and departments, when engaged in a governmental function, for injuries to property and persons caused by negligence; to define and limit such liability; to define and limit the liability of the state when engaged in a proprietary function; to authorize the purchase of liability insurance to protect against loss arising out of such liability; to provide for defending certain claims made against public officers and paying damages sought or awarded against them; and to repeal certain acts and parts of acts,' being sections 691.1404, 691.1406 and 691.1407 of the Compiled Laws of 1948."

The amendment sought to remedy the deficiency set forth in *Maki v East Tawas, supra,* by broadening the title to include all "injuries to property and persons". Plaintiff argues merely to state "an act to amend the title * * * " does not suffice because the title's only indication of the substance of the amendatory act is the prior act's title which the Supreme Court labeled misleading and incapable of giving fair notice. *Maki v East Tawas, supra,* He cites precedent for the proposition that:

" * * * the title to an amendatory act is sufficient, and will support any legislation that would have been permissible under the original title when the law was

enacted, if the amendatory act refers by chapter or section to the act amended." *Fort Street Union Depot Co v Commissioner of Railroads,* 118 Mich 340; 76 NW 497 (1898); see also *People v Howard,* 73 Mich 10; 40 NW 789 (1888); *Common Council of Detroit v Schmid,* 128 Mich 379; 87 NW 383; 92 Am St Rep 468 (1901); *Maclean v State Board of Control for Vocational Education,* 294 Mich 45; 292 NW 662 (1940).

We note at the outset that our examination of the plaintiff's cases reveals no case factually parallel to the instant case, *i.e.,* in each case plaintiff relied on, the Legislature failed to amend the title to the original act in the body of the amendatory act. Such failure to amend the title while introducing amended legislation broader than the title clearly violates the title-object provision. Plaintiff cites *Eaton v Walker,* 76 Mich 579, 584; 43 NW 638; 6 LRA 102 (1889). In *Eaton,* the Legislature explained in the title:

"An act to amend section one of an act entitled 'An act for the incorporation of manufacturing companies,' approved May 1, 1875, being Act No 187 of the Laws of 1875, *so as to include mercantile business."* (Emphasis supplied.)

They proceeded to amend § 1 to include mercantile business, but never amended the title. Thus, the title-object rule was violated because the original unamended title could not support the amended section. Plaintiff also cites *A & M Pest Control Service, Inc v LaBurre,* 247 La 315; 170 So 2d 855 (1965). In that case, the court considered a Louisiana statute. The Legislature had enacted an amended section but failed to amend the act's title to support the new provision. The title did not express the object of the act violating the title-object rule.

Where the original title is defective, the Legislature has the inherent power to cure the defect by amending the title. In this case, the Legislature in the amendatory act's title set out its intent to amend the title and certain sections of 1964 PA 170, providing notice to the public and the Legislature, as the rule intends. They proceeded to act in accord with their expressed purpose in the body of the act. Such a legislative procedure conforms to the constitutional mandate of art 4, § 24. While the Court lacks the power to expand or contract legislative titles or provisions, this is precisely the power conferred on the Legislature by the Constitution. We think Justice WIEST expressed the appropriate test in the case of *In re Lewis' Estate,* 287 Mich 179, 183; 283 NW 21 (1938), cited in *Maclean v State Board of Control for Vocational Education,* 294 Mich 45 (1940):

"The title to an enactment is required to be expressive of the purpose and scope of the enactment. If the enactment comes fairly within and is reasonably a component part of the purpose expressed in the title, it is not an interloper but a part thereof and so proper as to be expected therein."

The title here expressed the purpose and scope of the enactment; to amend the title and certain sections of 1964 PA 170. The enactment was within the purpose and scope expressed in the title. It was proper to expect that the body of the act would reflect the title. Const 1963, art 4, § 24, was not violated.

Affirmed. Costs to appellees.

All concurred.