DOE v OETTLE

Docket No. 78-5271. Submitted March 12, 1980, at Lansing.—Decided
April 23, 1980.

Jane Doe, an unmarried teen-age mother whose child has been
removed from her custody, and others brought an action for a
declaratory judgment against Kenneth Oettle personally and in
his capacity as director of the Washtenaw County Department
of Social Services and others, claiming a denial of due process
and equal protection by the failure of Washtenaw County to
provide a group home for single parents and their children.
The Washtenaw Circuit Court, Patrick Conlin, J., granted
summary judgment in favor of the defendants. Plaintiffs ap-
peal. *Held:*

1. Because the probate court, a court of competent jurisdic-
tion, had already dealt with the custody issue the plaintiffs
could not properly invoke the jurisdiction of the circuit court.

2. There is no absolute substantive due process right to
preservation of the family unit.

3. The plaintiffs were not denied equal protection because of
poverty. There is no showing that the plaintiffs have been
treated any differently than any others in similar circum-
stances regardless of financial status.

4. The statute allowing the probate court to assume jurisdic-
tion over children of neglectful parents is reasonably related to
the objective of acting in the best interests of the children.

5. Neither the Social Security Act nor the Juvenile Code
creates an absolute right to familial care or a justiciable cause
of action.

Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1] 20 Am Jur 2d, Courts § 128 *et seq.*
[2] 42 Am Jur 2d, Infants § 28.
    59 Am Jur 2d, Parent and Child § 42.
[3] 59 Am Jur 2d, Parent and Child § 39.
[4] 16A Am Jur 2d, Constitutional Law § 756.
[5] 16A Am Jur 2d, Constitutional Law § 746.

1. COURTS — JURISDICTION — CHILD CUSTODY — APPEAL.

   The jurisdiction of a circuit court may not properly be invoked in an action against the county to challenge a probate court's child custody order because another court of competent jurisdiction, the probate court, has already dealt with the custody issue; the proper procedure for such a challenge is a timely appeal of the probate court order.

2. PARENT AND CHILD — CHILD CUSTODY — PROCEDURAL DUE PROCESS.

   Parties to a child custody dispute are entitled to procedural due process, specifically the right to counsel and to transcripts, before family ties are severed.

3. PARENT AND CHILD — SUBSTANTIVE DUE PROCESS — CUSTODIAL RIGHTS.

   The right of substantive due process does not encompass a right to preservation of the family unit; parents' custodial rights are not absolute rights and they may be terminated.

4. CONSTITUTIONAL LAW — EQUAL PROTECTION.

   A person is not denied equal protection where a law or procedure complained of would be applied similarly to any other persons under the same circumstances or conditions.

5. CONSTITUTIONAL LAW — EQUAL PROTECTION — SOCIAL LEGISLATION — RATIONAL BASIS.

   Social legislation creating a classification will be upheld if the classification has a rational basis.

*Pauline R. Rothmeyer,* for plaintiffs.

*Frances Prevas,* Assistant Corporation Counsel, for defendants.

Before: MACKENZIE, P.J., and BASHARA and D. C. RILEY, JJ.

PER CURIAM. Plaintiffs, Jane Doe, an unmarried teen-age mother whose child has been removed from her custody, her daughter, Jean Doe, Robert Poe, an infant who has been placed in foster care away from his mother, and Pauline Rothmeyer, guardian ad litem for Robert Poe, and "all others similarly situated in Washtenaw County", brought

suit on November 9, 1979, claiming a constitutional and statutory right to treatment as family units. Plaintiffs alleged that they were being deprived of equal protection and due process because no group home for single parents and their children has been established in Washtenaw County. The court granted defendants' motion for summary judgment stating that the jurisdiction to terminate parental rights rests solely with the probate court and that there were no constitutional or statutory rights violated based on the lack of a group home. We affirm.

We agree with the lower court that if plaintiffs wanted to challenge the probate order denying them custody of their children, the proper procedure would be to timely appeal the probate court's decision. See GCR 1963, 701; MCL 712A.22; MSA 27.3178(598.22). Since another court of competent jurisdiction has dealt with the custody issue, the circuit court's jurisdiction cannot properly be invoked. See *Jewell v Grand Traverse County Probate Judge,* 51 Mich App 134; 214 NW2d 717 (1974).

Plaintiffs claim that their due process rights have been violated. Michigan does recognize the right to procedural due process before family ties are severed, specifically, the right to counsel and transcripts. See *Reist v Bay Circuit Judge,* 396 Mich 326; 241 NW2d 55 (1976), *People v Brown,* 49 Mich App 358; 212 NW2d 55 (1973). However, plaintiffs have not alleged any procedural violation. What is asserted is a broader right of substantive due process; a claimed absolute right to protection of the family unit.

While parents' custodial rights are protected by the Fifth and Fourteenth Amendments, *May v Anderson,* 345 US 528; 73 S Ct 840; 97 L Ed 1221

(1953), they are not absolute rights and may be terminated. *In the Matter of LaFlure,* 48 Mich App 377, 386-387; 210 NW2d 482 (1973). The Sixth Circuit has refused to recognize an absolute substantive due process right "to live together as a family". In *Huynh Thi Anh v Levi,* 586 F2d 625 (CA 6, 1978), a Vietnamese grandmother and uncle sought custody of their relatives' children who had been placed in Michigan foster homes during "Operation Baby-Lift". While the court recognized that, in the absence of natural parents, alien relatives might be better entitled to the children than foster parents, it noted that this is "a matter of family law, not of substantive due process". *Id.,* 632. The Second Circuit similarly rejected any substantive family integrity right in *Black v Beame,* 550 F2d 815 (CA 2, 1977). We too must agree that the right of substantive due process does not encompass a right to preservation of the family unit.

Plaintiffs further contend that they are being deprived of equal protection because of poverty. There is no denial of equal protection when a law or course of procedure would be similarly applied to any other persons under the same circumstances or conditions. *Moore v Spangler,* 401 Mich 360, 370; 258 NW2d 34 (1977). The instant plaintiffs have failed to show how they have been treated any differently than any other teen-age mothers, regardless of their financial status.

Social legislation will be upheld if the challenged classification has a rational basis. *Dandridge v Williams,* 397 US 471, 484-485; 90 S Ct 1153; 25 L Ed 2d 491 (1970). Here the classification (neglectful parents) and the means (removing a child from custody) are reasonably related to the objective of acting in the best interest of the child.

See MCL 712A.2; MSA 27.3178(598.2), *In the Matter of Rebecca Oakes,* 53 Mich App 629; 220 NW2d 188 (1974).

Finally, plaintiffs assert a statutory right to familial care, citing the Social Security Act, 42 USC 601,[1] and the preamble to the Juvenile Code, MCL 712A.1; MSA 27.3178(598.1).[2] We believe that neither section creates an absolute right or a justiciable cause of action. See *Black, supra.*

Since no constitutional or statutory rights of plaintiffs have been violated, summary judgment was properly entered by the lower court. We believe that plaintiffs' concerns about the necessity for a group home and parental counseling are best directed to the Legislature and we will not interfere within a judicial context.

Affirmed.

---

[1] "For the purpose of encouraging the care of dependent children in their own homes or in the homes of relatives by enabling each State to furnish financial assistance and rehabilitation and other services, as far as practicable under the conditions in such State, to needy dependent children and the parents or relatives with whom they are living to help maintain and strengthen family life and to help such parents or relatives to attain or retain capability for the maximum self-support and personal independence consistent with the maintenance of continuing parental care and protection, there is authorized to be appropriated for each fiscal year a sum sufficient to carry out the purposes of this part." 42 USC 601.

[2] "This chapter shall be liberally construed to the end that each child coming within the jurisdiction of the court shall receive such care, guidance and control, preferably in his own home, as will be conducive to the child's welfare and the best interest of the state and that when such child is removed from the control of his parents the court shall secure for him care as nearly as possible equivalent to the care which should have been given to him by them." MCL 712A.1; MSA 28.3178(598.1).