PEOPLE v CLABIN

Docket No. 46582. Submitted March 10, 1980, at Lansing.—Decided
May 5, 1980. Leave to appeal applied for.

Allen Clabin was convicted, on his plea of guilty, of possession of
a weapon while a prison inmate, Jackson Circuit Court, Charles
J. Falahee, J. Defendant appeals, alleging that his conviction is
invalid because the statute under which he was convicted, after
being struck down as violative of the title-object clause of the
Michigan Constitution, was never reenacted when the Legisla-
ture enacted a new title to the statute. *Held:*

The Legislature may cure its errors through amendment,
including the amendment of titles. An amended act need not be
reenacted and published in its entirety, as long as it is clear
which act the Legislature is amending or referring to. The
amendment of the title revived the statute for any future
application and the title and statute together form a constitu-
tionally permissible law.

Affirmed.

1. STATUTES — TITLES — AMENDMENT OF TITLES — CONSTITUTIONAL
LAW.

A title of a statute is not a part of the law itself and has no
inherent legal effect beyond that of summarizing the law;
therefore, the amendment of a title does not unconstitutionally
amend the law by reference to the title (Const 1963, art 4, § 25).

2. STATUTES — AMENDMENT OF STATUTES — TITLES.

The Legislature may cure its errors through amendment, and an
amended law is considered valid for any future application; this
general rule is equally applicable to the correction of titles of
statutes.

REFERENCES FOR POINTS IN HEADNOTES
[1] 73 Am Jur 2d, Statutes § 95.
[2] 73 Am Jur 2d, Statutes §§ 109, 343, 347 *et seq.*
[3] 73 Am Jur 2d, Statutes § 138.
Simultaneous repeal and reenactment of all, or part, of legislative
act. 77 ALR2d 1270.

3. STATUTES — AMENDMENT OF STATUTES — REENACTMENT — CONSTI-
TUTIONAL LAW.

   The Legislature need not reenact and publish an amended act in
   its entirety; as long as it is clear which act the Legislature is
   referring to, only the affected portions need be reenacted and
   published.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Edward J. Grant,*
Prosecuting Attorney, and *John L. Wildeboer,*
Chief Appellate Attorney, for the people.

*P. E. Bennett,* Assistant State Appellate De-
fender, for defendant on appeal.

Before: MACKENZIE, P.J., and BASHARA and D. C.
RILEY, JJ.

D. C. RILEY, J. On March 27, 1979, defendant
pled guilty to being an inmate in possession of a
weapon, contrary to MCL 800.283; MSA 28.1623.
Following conviction, he was sentenced to 3 to 5
years imprisonment to be served consecutively
with the sentence he was already serving. Defen-
dant now appeals as of right.

Defendant was convicted under a 1972 amend-
ment to MCL 800.283; MSA 28.1623, which prohib-
its inmates from possessing weapons.[1] The amend-
ment did not alter the act's title so it was thereaf-

---

[1] "Sec. 3. No weapon or other implement which may be used to
injure any convict or person, or in assisting any convict to escape
from imprisonment, shall be sold, given away or furnished to any
convict in any prison, or any building appurtenant thereto, or on the
land granted to or owned or leased by the state for the use and
benefit of the prisoners; nor shall any weapon or other implement
which may be used to injure any convict or person, or in assisting any
convict to escape from imprisonment, be brought into any prison or
any building appurtenant thereto, or onto the land granted to or
owned or leased by the state for the use and benefit of the prisoners;
nor shall any weapon or other implement, which may be used to
injure any convict or person, or in assisting any convict to escape
from imprisonment, be sold, given away, or furnished, either directly
or indirectly, to any convict either in or anywhere outside of the

ter struck down by the Supreme Court on June 2, 1977. *People v Stanton,* 400 Mich 192; 253 NW2d 650 (1977). The Court held that, in the absence of title amendment, the textual addition of inmates to a statute originally aimed at outside suppliers of weapons violates the title-object limitation of the Michigan Constitution. *Id.,* at 195-196. The Legislature acted quickly to remedy this deficiency by enacting 1977 PA 164, effective November 10, 1977.[2] Section 1 provides:

"The title and section 2 of Act No. 17 of the Public Acts of 1909, being section 800.282 of the Compiled Laws of 1970, are amended to read as follows:

## TITLE

"An act to prohibit the bringing into prisons of all weapons or other implements which may be used to injure any convict or person or in assisting any convict to escape from punishment, or the selling or furnishing of same to convicts; to prohibit the control of possession by a convict of all weapons or other implements which may be used to injure any convict or person or in assisting any convict to escape from punishment; to prohibit the bringing into prisons of all spirituous or fermented liquors, drugs, medicines, poisons, opium, morphine or any other kind or character of narcotics, or the giving, selling or furnishing of spirituous or fermented liquors, drugs, medicines, poisons, opium,

---

prison, or be disposed of in such a manner, or in such a place that it may be secured by any convict in the prison. *A convict without authorization, shall not have on his person or under his control or in his possession any weapon or other implement which may be used to injure any convict or other person, or to assist any convict to escape from imprisonment." MCL 800.283; MSA 28.1623. (Emphasis added to amended portion.)*

[2] In addition to the title amendment, the Legislature added a section on regulation of intra-prison narcotics and liquor.

morphine or any other kind or character of narcotics to convicts or paroled prisoners and providing a penalty for the violation hereof."

Defendant claims that his conviction must be reversed since the section under which he was convicted was never reenacted. He specifically argues that any attempted reenactment violates Const 1963, art 4, § 25, which states that no law can be revised or amended by reference to its title.

We are satisfied with the *constitutionality* of the method utilized by the Legislature to amend the statute's title. A statutory title is not considered part of the law itself, having no inherent legal effect beyond that of summarizing the law. *Brooks v Hydorn,* 76 Mich 273, 280-281; 42 NW 1122 (1889). See *Doe v Oettle,* 97 Mich App 183; 293 NW2d 760 (1980). Thus, in the instant case, it cannot be said that there was any amendment of the *law* by reference to the title. There was only an amendment of the title by both reference to and publication of the title. The Legislature's full statement of the amended title adequately complied with § 25's requirement of reenactment and publication.

We are also assured of the *efficacy* of the instant statute. If the Legislature defectively exercises its legislative powers, it may subsequently cure its errors through amendment. The amended laws are considered valid for any future application. See generally *The People ex rel Bristol v The Board of Supervisors of Ingham County,* 20 Mich 95 (1870), *Briggs v Campbell, Wyant & Cannon Foundry Co,* 2 Mich App 204, 219; 139 NW2d 336 (1966).

This general rule allowing correction of the law is equally applicable to the correction of titles. "Where the original title is defective, the Legisla-

ture has the inherent power to cure the defect by amending the title." *Kriger v South Oakland County Mutual Aid Pact,* 49 Mich App 7, 15; 211 NW2d 228 (1973), *rev'd on other grounds* 399 Mich 835 (1977). The Legislature need not reenact and publish the amended act in its entirety. As long as it is clear which act the Legislature is referring to, only the affected statutory portions need be reenacted and published. See *Midland Twp v State Boundary Comm,* 401 Mich 641, 662-663; 259 NW2d 326 (1977), *Surtman v Secretary of State,* 309 Mich 270, 276; 15 NW2d 471 (1944), *People v Shuler,* 136 Mich 161; 98 NW 986 (1904).

While this method of legislating may seem confusing or appear lazy, it is an acceptable method of updating the law. See *Midland Twp, supra.* Interested parties should read the multiple documents together so as to constitute a constitutional enactment. *Midland Twp, supra.* The keystone in all cases is notice. When a portion of a statute is declared ineffectual, it is not immediately erased from the books or from memory. If the Legislature acts promptly to correct the defective section, no uncertainty about the statute's content can arise. When there is timely action, notice can never become a real issue.

In *Kriger, supra,* the Supreme Court had earlier voided an act because its title did not indicate the scope of one of its sections, *i.e.,* a violation of the title-object rule. Const 1963, art 4, § 24. The Court of Appeals, in an opinion reversed on other grounds by the Supreme Court, upheld the title amendment subsequently passed by the Legislature to remedy the deficiency.

"In this case, the Legislature in the amendatory act's title set out its intent to amend the title and certain sections of 1964 PA 170, providing notice to the public

and the Legislature, as the rule intends. They proceeded to act in accord with their expressed purpose in the body of the act. Such a legislative procedure conforms to the constitutional mandate of art 4, § 24. While the Court lacks the power to expand or contract legislative titles or provisions, this is precisely the power conferred on the Legislature by the Constitution."  ·

\* \* \*

"The title here expressed the purpose and scope of the enactment; to amend the title and certain sections of 1964 PA 170. The enactment was within the purpose and scope expressed in the title. It was proper to expect that the body of the act would reflect the title. Const 1963, art 4, § 24, was not violated." *Kriger, supra,* 15.

In the instant case, we believe that the Legislature similarly succeeded in reviving the 1972 amendment through its title amendment in 1977. The two documents when read together form a constitutionally permissible law.

Affirmed.