## PEOPLE v CLABIN

Docket No. 65138. Decided July 13, 1981. On application by defendant for leave to appeal the Supreme Court, in lieu of granting leave to appeal, reversed the defendant's conviction. Rehearing denied *post,* 1157.

Allen Clabin, an inmate at the State Prison of Southern Michigan, was convicted on his plea of guilty in Jackson Circuit Court, Charles J. Falahee, J., of possession by an inmate of a weapon. The defendant argues on appeal that the statute under which he was convicted has not been properly re-enacted after 1977, when the Supreme Court decided that the amendment by which it was added in 1972 violated the title-body clause of the constitution. The Court of Appeals, MacKenzie, P.J., and Bashara and D. C. Riley, JJ., affirmed on the ground that the Legislature had cured the constitutional error by amending the title of the statute in 1977 to include the object of the 1972 amendment (Docket No. 46582). The defendant applies for leave to appeal.

In a unanimous opinion, the Supreme Court *held:*

When the Court declared the 1972 amendment to be unconstitutional, the amendment was rendered void and ceased to be of any effect. While the reason for the decision was that the title of the statute was deficient, it was the law as embodied in the 1972 amendment which was voided, and not the title of the act. Amendment of the title of an act after a declaration of unconstitutionality of a portion of the act itself, no matter what the reason for the finding of unconstitutionality, will not suffice to resurrect the voided portion. If the voided portion is to be once again considered a part of the law, then the law must be "revised, altered or amended". The constitution clearly provides that in such a case, reference only to the title of a law is insufficient. The section of the act which is altered or amended must be "re-enacted and published at length". In this case, since the Legislature did not re-enact the 1972 amendment in 1977 when it amended the title, the constitution mandates the conclusion that the Legislature's attempt to remedy the situation was ineffectual.

The defendant's conviction is reversed.

97 Mich App 340; 294 NW2d 266 (1980) reversed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Edward J. Grant,* Prosecuting Attorney, and *John L. Wildeboer,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *P. E. Bennett)* for defendant.

PER CURIAM. The defendant, while an inmate in prison, stabbed another prisoner. After plea bargaining, he pled guilty to a charge of possessing a weapon while an inmate contrary to MCL 800.283; MSA 28.1623. On appeal he argues that his conviction is invalid because the language of MCL 800.283; MSA 28.1623 which has applicability to this case had never been properly re-enacted after this Court declared it unconstitutional in *People v Stanton,* 400 Mich 192; 253 NW2d 650 (1977). We agree with the defendant and we reverse his conviction.

I

In *People v Stanton,* we declared that the 1972 amendment of 1909 PA 17 was unconstitutional and therefore void. The amendment provided:

"A convict without authorization, shall not have on his person or under his control or in his possession any weapon or other implement which may be used to injure any convict or other person, or to assist any convict to escape from imprisonment." 1972 PA 105.

The basis for our decision in *People v Stanton* was our conclusion that the Legislature, in enacting the amendment, had violated the title-object

limitation in Const 1963, art 4, § 24[1] because the title of 1909 PA 17 did not embrace the scope of the 1972 amendment and the amendment did not alter the act's title.

In 1977 PA 164, the Legislature sought to cure this defect by amending the title of 1909 PA 17 to include the following language: "to prohibit the control or possession by a convict of all weapons or other implements which may be used to injure any convict or person or in assisting any convict to escape from punishment". However, the Legislature did not re-enact the 1972 amendment.

## II

The defendant argued in the Court of Appeals that his conviction was invalid because the 1972 amendment, rendered void by this Court's decision in *People v Stanton,* was never re-enacted. The defendant further contended that the Legislature's attempted re-enactment by amending only the title violated Const 1963, art 4, § 25 which provides:

"No law shall be revised, altered or amended by reference to its title only. The section or sections of the act altered or amended shall be re-enacted and published at length."

The Court of Appeals rejected the defendant's contentions. *People v Clabin,* 97 Mich App 340; 294 NW2d 266 (1980). The Court reasoned:

"We are satisfied with the *constitutionality* of the

---

[1] Const 1963, art 4, § 24 provides:

"No law shall embrace more than one object, which shall be expressed in its title. No bill shall be altered or amended on its passage through either house so as to change its original purpose as determined by its total content and not alone by its title."

method utilized by the Legislature to amend the statute's title. A statutory title is not considered part of the law itself, having no inherent legal effect beyond that of summarizing the law. *Brooks v Hydorn,* 76 Mich 273, 280-281; 42 NW 1122 (1889). See *Doe v Oettle,* 97 Mich App 183; 293 NW2d 760 (1980). Thus, in the instant case, it cannot be said that there was any amendment of the *law* by reference to the title. There was only an amendment of the title by both reference to and publication of the title. The Legislature's full statement of the amended title adequately complied with § 25's requirement of reenactment and publication.

"We are also assured of the *efficacy* of the instant statute. If the Legislature defectively exercises its legislative powers, it may subsequently cure its errors through amendment. The amended laws are considered valid for any future application. See generally *People ex rel Bristol v Board of Supervisors of Ingham County,* 20 Mich 95 (1870), *Briggs v Campbell, Wyant & Cannon Foundry Co,* 2 Mich App 204, 219; 139 NW2d 336 (1966).

"This general rule allowing correction of the law is equally applicable to the correction of titles. 'Where the original title is defective, the Legislature has the inherent power to cure the defect by amending the title.' *Kriger v South Oakland County Mutual Aid Pact,* 49 Mich App 7, 15; 211 NW2d 228 (1973), *rev'd on other grounds* 399 Mich 835 (1977). The Legislature need not reenact and publish the amended act in its entirety. As long as it is clear which act the Legislature is referring to, only the affected statutory portions need be reenacted and published. See *Midland Twp v State Boundary Comm,* 401 Mich 641, 662-663; 259 NW2d 326 (1977), *Surtman v Secretary of State,* 309 Mich 270, 276; 15 NW2d 471 (1944), *People v Shuler,* 136 Mich 161; 98 NW 986 (1904).

"While this method of legislating may seem confusing or appear lazy, it is an acceptable method of updating the law. See *Midland Twp, supra.* Interested parties should read the multiple documents together so as to constitute a constitutional enactment. *Midland Twp, supra.* The keystone in all cases is notice. When a portion of a statute is declared ineffectual, it is not

immediately erased from the books or from memory. If the Legislature acts promptly to correct the defective section, no uncertainty about the statute's content can arise. When there is timely action, notice can never become a real issue.

"In *Kriger, supra,* the Supreme Court had earlier voided an act because its title did not indicate the scope of one of its sections, *i.e.,* a violation of the title-object rule. Const 1963, art 4, § 24. The Court of Appeals, in an opinion reversed on other grounds by the Supreme Court, upheld the title amendment subsequently passed by the Legislature to remedy the deficiency.

" 'In this case, the Legislature in the amendatory act's title set out its intent to amend the title and certain sections of 1964 PA 170, providing notice to the public and the Legislature, as the rule intends. They proceeded to act in accord with their expressed purpose in the body of the act. Such a legislative procedure conforms to the constitutional mandate of art 4, § 24. While the Court lacks the power to expand or contract legislative titles or provisions, this is precisely the power conferred on the Legislature by the Constitution.

\* \* \*

" 'The title here expressed the purpose and scope of the enactment; to amend the title and certain sections of 1964 PA 170. The enactment was within the purpose and scope expressed in the title. It was proper to expect that the body of the act would reflect the title. Const 1963, art 4, § 24, was not violated.' *Kriger, supra,* 15.

"In the instant case, we believe that the Legislature similarly succeeded in reviving the 1972 amendment through its title amendment in 1977. The two documents when read together form a constitutionally permissible law."

## III

When this Court declared the 1972 amendment of 1909 PA 17 to be unconstitutional, the amendment was rendered void and ceased to be of any

effect. While the reason for this Court's decision was that the title of 1909 PA 17 was deficient, it was the law as embodied in the 1972 amendment which was voided, and not the title of the act.

Amendment of the title of an act, after a declaration of unconstitutionality of a portion of the act itself, no matter what the reason for the finding of unconstitutionality, will not, in and of itself, suffice to resurrect the voided portion. If the voided portion is to be once again considered a part of the law, then the law must be "revised, altered or amended". Const 1963, art 4, § 25 clearly provides that in such a case, reference to the title only of a law is insufficient. The section of the act which is altered or amended must be "re-enacted and published at length".

## IV

The Court of Appeals reliance on *Kriger v South Oakland County Mutual Aid Pact,* 49 Mich App 7; 211 NW2d 228 (1973), is misplaced. In *Kriger* the Legislature, in its effort to cure the title-object defect, not only amended the title but also re-enacted and published the section of the act which had been the source of the problem. 1970 PA 155.

In the instant case, since the Legislature did not in 1977 PA 164 re-enact the 1972 amendment, Const 1963, art 4, § 25 mandates the conclusion that the Legislature's attempt to remedy this situation was ineffectual.

Accordingly, pursuant to GCR 1963, 853.2(4), in lieu of granting leave to appeal, we reverse the defendant's conviction.

COLEMAN, C.J., and KAVANAGH, WILLIAMS, LEVIN, FITZGERALD, RYAN, and BLAIR MOODY, JR., JJ., concurred.