IN THE MATTER OF MARTIN W COBB AND CHRISTY M COBB

Docket No. 71596. Submitted October 11, 1983, at Detroit.—Decided
    November 21, 1983.

The Department of Social Services filed a petition in the Monroe
    Probate Court to terminate the parental rights of Christina L.
    Cobb (respondent) and her husband in Martin W. and Christy
    M. Cobb. Her husband defaulted and is not a party to the
    appeal. At the first hearing in this matter, in April of 1981,
    respondent was advised of her right to appointed counsel if
    financially unable to retain counsel, and respondent waived
    counsel both orally on the record and by signing a written
    waiver form. Respondent does not dispute that this waiver of
    counsel was valid. Subsequently, several other hearings were
    conducted, the last of which occurred on March 17, 1983. Prior
    to this last hearing, respondent, on December 16, 1982, filed in
    the probate court a letter to the probate court judge in which
    she requested court-appointed counsel. The request for counsel
    was denied by the court without a hearing for the reason that
    it was made too late in the proceedings. Respondent was not
    represented by counsel at the last hearing, which resulted in
    the final order terminating her parental rights, James Mc-
    Cauley Seitz, J. Respondent appealed. Held:

    An indigent parent in an action to terminate parental rights
    has a waivable right to the appointment of counsel. Where a
    parent has waived that right he should be allowed to withdraw
    that waiver and have counsel appointed where he can show a
    legitimate reason for the change and where the appointment
    would not result in unwarranted disruption prejudicial to the
    orderly progress of the case. The appointment of counsel would
    not have caused an unwarranted disruption prejudicial to the
    orderly progress of the case. The request was based on legiti-
    mate reasons. Respondent in her letter stated that she believed
    she had not been treated fairly and had not had an opportunity
    to say anything at the last hearing, and that she had experi-
    enced difficulty in contacting the caseworker. Also, respondent
    had been warned by the court, at the hearing held immediately

prior to her request for appointed counsel, that at the next hearing the court would finally decide whether respondent's children would be returned to her.

Reversed and remanded.

Parent and Child — Termination of Parental Rights — Right to Counsel — Waiver.

An indigent parent in an action to terminate parental rights has a waivable right to the appointment of counsel; where a parent has waived that right he should be allowed to withdraw that waiver and have counsel appointed where he can show a legitimate reason for the change and where the appointment would not result in unwarranted disruption prejudicial to the orderly progress of the case (JCR 1969, 6.3[a][2][b]).

*Michael LaBeau,* Prosecuting Attorney, and *Mark S. Braunlich,* Assistant Prosecuting Attorney, for petitioner.

*David L. Kohler,* for respondent Christine L. Cobb.

Before: MacKenzie, P.J., and Wahls and M. Warshawsky,* JJ.

MacKenzie, P.J. Respondent-appellant, Christina L. Cobb, appeals by right an order of the probate court terminating her parental rights pursuant to MCL 712A.19a; MSA 27.3178(598.19a). We reverse that order on the ground that the court improperly denied respondent's request for appointed counsel.

At the first hearing in this matter, in April of 1981, respondent was advised of her right to appointed counsel if financially unable to retain counsel, and respondent waived counsel both orally on the record and by signing a written waiver form. Respondent does not dispute that this waiver of counsel was valid. Subsequently, several other

* Circuit judge, sitting on the Court of Appeals by assignment.

hearings were conducted, the last of which occurred on March 17, 1983. Prior to this last hearing, respondent, on December 16, 1982, filed in the probate court a letter to the probate court judge in which she requested court-appointed counsel. The request for counsel was denied by the court without a hearing for the reason that it was made too late in the proceedings. Respondent was not represented by counsel at the last hearing, which resulted in the final order terminating her parental rights.

Both court rule JCR 1969, 6.3(a)(2)(b) and the constitutional guarantee of due process confer to an indigent parent the right to appointed counsel at a hearing which may involve termination of parental rights. *Reist v Bay Circuit Judge,* 396 Mich 326, 339-346; 241 NW2d 55 (1976); *In the Matter of Kenneth Jackson, Jr,* 115 Mich App 40, 49-50; 320 NW2d 285 (1982); *Doe v Oettle,* 97 Mich App 183, 185; 293 NW2d 760 (1980). The issue in the present case is whether, given respondent's initial waiver of counsel, the probate court erred in refusing to allow respondent to revoke the waiver and have counsel appointed to represent her at the last hearing.

This Court is unaware of any civil cases decided by an appellate court in this jurisdiction which have addressed this issue. However, in the context of a criminal case, this Court has held that a defendant who initially waives counsel should be allowed to withdraw from self-representation in favor of representation by counsel if the defendant shows a legitimate reason for the change and if substitution would "not result in unwarranted disruption prejudicial to the orderly progress of the case". *People v Eddington,* 77 Mich App 177, 188; 258 NW2d 183 (1977), *lv den* 402 Mich 944

(1978). We believe these same principles should apply in the present case, involving as it does a due process right to counsel, and conclude that the probate court erred in refusing to allow respondent to withdraw from self-representation.

At the time respondent's letter requesting appointment of counsel was filed on December 16, 1982, and denied by the court on December 26, 1982, the last hearing in this matter was scheduled for January 27, 1983. Subsequently, on January 26, 1983, the hearing was adjourned, pursuant to petitioner-appellee's request, to March 17, 1983. In view of this, we do not believe that appointment of counsel would have caused an unwarranted disruption prejudicial to the orderly progress of the case. In addition, respondent's request does not appear to have been merely a dilatory tactic, but rather was based on legitimate reasons. Respondent in her letter stated that she believed she had not been treated fairly and had not had an opportunity to say anything at the last hearing and that she had experienced difficulty in contacting the caseworker. Also, respondent had been warned by the court, at the hearing held immediately prior to her request for appointed counsel, that at the next hearing the court would finally decide whether respondent's children would be returned to her.

We reverse the court's order terminating respondent's parental rights and remand for a new hearing prior to which respondent is to be allowed to withdraw from self-representation and, if determined financially unable to employ counsel, is to be appointed counsel pursuant to JCR 1969, 6.3(a)(2)(b). Since we have granted the relief requested by respondent, we need not address the other issue raised by respondent on appeal.

Reversed and remanded.