FREISSLER v STATE HIGHWAY COMMISSION

(FREISSLER v STATE OF MICHIGAN)

1. CONSTITUTIONAL LAW—EQUAL PROTECTION—CLASSIFICATION—STAT-
   UTES—COMPELLING STATE INTEREST.
   Equal protection of the laws involves two different tests depend-
   ing on the interest concerned: where a classification affects a
   fundamental interest, the classification must be necessary for
   the achievement of a compelling state interest; however, when
   the interest at issue is an ordinary one, a court only inquires
   whether there is a rational relationship between the classifica-
   tion established by the statute under scrutiny and a legitimate
   state objective.

2. TRIAL—JURY TRIAL—CONSTITUTIONAL LAW—CIVIL CASES.
   The Federal constitutional right to a jury trial in a civil case is
   not an element of due process applicable to state courts
   through the Fourteenth Amendment (US Const, Am VII, XIV).

3. TRIAL—JURY TRIAL—CONSTITUTIONAL LAW—COURT OF CLAIMS.
   The state constitutional right to a jury trial extends to all cases
   where it existed prior to the adoption of the constitution; since
   there was no common-law right to maintain an action against
   the state, and consequently no common-law right to a jury trial
   in such instances, there is no fundamental right to a jury trial
   in the Court of Claims (Const 1963, art 1, § 14).

4. TRIAL—JURY TRIAL—CONSTITUTIONAL LAW—EQUAL PROTECTION—
   COURT OF CLAIMS—STATUTES.
   A plaintiff was not denied the equal protection of the laws by a
   requirement that claims against the state in the Court of
   Claims be heard by a judge without a jury because the Legisla-
   ture made a legitimate determination that local jurors might

REFERENCES FOR POINTS IN HEADNOTES

[1] 16 Am Jur 2d, Constitutional Law §§ 335, 485–493.
[2] 16 Am Jur 2d, Constitutional Law §§ 490, 551.
[3, 4] 16 Am Jur 2d, Constitutional Law § 491.
[5] 16 Am Jur 2d, Constitutional Law §§ 109–114.
[6, 7] 1 Am Jur 2d, Actions §§ 100–126.

not be fiscally responsible in awarding state funds to successful plaintiffs (MCLA 600.6443).

5. CONSTITUTIONAL LAW—CONSTITUTIONAL QUESTIONS—OTHER ISSUES.

Constitutional questions will not be passed upon if a case may be otherwise decided.

6. ACTION—JOINDER—COURT RULES.

Joinder of a plaintiff's separate actions against the Department of State Highways and a county road commission is proper where the plaintiff seeks damages against both parties for injuries sustained in an automobile accident occurring near the intersection of a state highway and a county road; joinder would promote the convenient administration of justice because many of the same facts are present in both actions, and because plaintiff's contributory negligence will undoubtedly be an issue in both actions (GCR 1963, 206.1[2]).

7. ACTION—JOINDER—COURT OF CLAIMS—CIRCUIT COURT—TRIAL—JURY TRIAL—NONJURY TRIAL.

A circuit judge sitting as trial judge in the Court of Claims may, without jury, hear a case against the Department of State Highways and simultaneously, sitting as circuit judge, with jury, hear a case against a county road commission where the separate actions have been joined to promote the convenient administration of justice.

Appeal from the Court of Claims, William R. Peterson, J. Submitted Division 2 March 13, 1974, at Lansing. (Docket No. 17156.) Decided May 30, 1974. Leave to appeal applied for.

Complaint in the Court of Claims by Isolde Freissler against the Department of State Highways for damages resulting from an automobile accident. Plaintiff's motions for a jury trial and to consolidate the case with plaintiff's suit pending against a county road commission in circuit court were denied. Plaintiff appeals by leave granted. Affirmed in part, reversed in part, and remanded for further proceedings.

*Creal & Hurbis, P. C.,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *George J. Platsis,* Assistant Attorney General, for defendant.

Before: HOLBROOK, P. J., and ALLEN and VAN VALKENBURG,* JJ.

ALLEN, J. Plaintiff has appealed from the Honorable William R. Peterson's order denying plaintiff's motion for a jury trial and motion to consolidate the instant case with plaintiff's suit currently pending in the Washtenaw Circuit Court.

On October 2, 1970, plaintiff was the driver of a 1965 Mustang automobile, proceeding north on the northbound exit ramp from US-23, near that road's intersection with North Territorial Road. As she began her turn onto westbound North Territorial Road, her automobile was struck in the left door by a 1970 Chevrolet driven by a third party. Plaintiff in turn suffered serious injuries.

Plaintiff has filed the instant suit in the Court of Claims, seeking recovery against the Michigan Department of State Highways and the State of Michigan, and has alleged that defendants have violated their duties and obligations pursuant to MCLA 691.1401, *et seq.;* MSA 3.996(101) *et seq.* Plaintiff has also sought recovery against the Washtenaw County Road Commission in the Washtenaw Circuit Court pursuant to MCLA 224.21; MSA 9.121.

Plaintiff has alleged that the defendants, by means of a defective design and layout, have maintained a nuisance at the intersection of US-23 and North Territorial Road. At the pretrial, plaintiff requested a jury trial in the Court of Claims case and also moved to consolidate the instant case

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

with the case of Freissler v County of Washtenaw and Board of County Road Commissioners of Washtenaw County, case no. 6942. The motions were denied and our Court granted plaintiff's delayed application for leave to appeal on September 20, 1973.

Relying upon *Reich v State Highway Department,* 386 Mich 617, 623; 194 NW2d 700 (1972), plaintiff argues that she was denied equal protection of the laws when Judge Peterson denied her request for a jury trial pursuant to MCLA 600.6443; MSA 27A.6443. Plaintiff has maintained a similar argument as far as her request to consolidate the instant case with the Washtenaw Circuit Court case is concerned.

*Reich v State Highway Department, supra,* held that the 60-day notice requirement of MCLA 691.1404; MSA 3.996(104) was "barred by the constitutional guarantees of equal protection". In so holding, *Reich* said:

"The object of the legislation under consideration is to waive the immunity of governmental units and agencies from liability for injuries caused by their negligent conduct, thus putting them on an equal footing with private tortfeasors. However, the notice provisions of the statute arbitrarily split the natural class, *i.e.,* all tortfeasors, into two differently treated subclasses: private tortfeasors to whom no notice of claim is owed and governmental tortfeasors to whom notice is owed.

"This diverse treatment of members of a class along the lines of governmental or private tortfeasors bears no reasonable relationship under today's circumstances to the recognized purpose of the act. It constitutes an arbitrary and unreasonable variance in the treatment of both portions of one natural class." 386 Mich 617, 623.

Relying upon the above, plaintiff has argued that

there is no justification for providing a jury trial for plaintiffs who are seeking recovery against a county road commission or a particular municipality or in fact a private individual, while denying a jury trial in a case such as the instant one involving the instant defendants. Plaintiff argues that because the right to a jury trial is a "fundamental interest" the state must offer a "compelling interest" to support such a discrimination.

As noted in *Governor v State Treasurer,* 389 Mich 1, 25; 203 NW2d 457 (1972), where a classification affects a fundamental interest, that classification must be "necessary for the achievement of a 'compelling state interest' ". However, when the interest at issue is "an ordinary one, a court only inquires whether there is a 'rational' relationship between the classification established by the statute under scrutiny and a legitimate state objective". 389 Mich 1, 25. *Kriger v South Oakland County Mutual Aid Pact,* 49 Mich App 7, 11; 211 NW2d 228 (1973), in the course of holding that the doctrine of governmental immunity, as enunciated in MCLA 691.1407; MSA 3.996(107), does not violate the equal protection clause of US Const, Am XIV, said that "the 'rational basis' test applies when the law allegedly infringing equal protections creates no fundamental rights". *Kriger* also pointed out that a person in plaintiff's position has the burden to show that the classification at issue "has no reasonable basis". 49 Mich App 7, 12. In light of the above principles, we now turn to a discussion of the merits of plaintiff's claim.

*Curtis v Loether,* 415 US 189; 94 S Ct 1005, 1007; 39 L Ed 2d 260, 265, fn 6 (1974), recently noted that the right to a jury trial in a civil case, US Const, Am VII, has never been held to be "an element of due process applicable to state courts

through the Fourteenth Amendment". The instant case does not, therefore, involve the alleged denial of a Federal constitutional right.

According to Const 1963, art 1, § 14, "The right of trial by jury shall remain". Similar language was found in Const 1908, art 2, § 13 and Const 1850, art 6, § 27. Const 1835, art 1, § 9 said "The right of trial by jury shall remain inviolate". Does the presence of this constitutional tradition mean that there is a fundamental right to a jury trial in the Court of Claims?

There is no right to a jury trial in the Federal Court of Claims. *McElrath v United States,* 102 US 426; 26 L Ed 189 (1880), involved a suit in the Court of Claims by a person seeking "settlement of his account as first lieutenant in the Marine Corps". It was argued that the Seventh Amendment was violated when the Court of Claims was allowed to render judgment without a jury. *McElrath* held to the contrary, stating:

"There is nothing in these provisions which violates either the letter or spirit of the Seventh Amendment. Suits against the government in the Court of Claims, whether reference be had to the claimant's demand, or to the defense, or to any set-off, or counter-claim which the government may assert, are not controlled by the Seventh Amendment. They are not suits at common law within its true meaning. The government cannot be sued, except with its own consent. It can declare in what court it may be sued, and prescribe the forms of pleading and the rules of practice to be observed in such suits. It may restrict the jurisdiction of the court to a consideration of only certain classes of claims against the United States. Congress, by the act in question, informs the claimant that if he avails himself of the privilege of suing the government in the special court organized for that purpose, he may be met with a set-off, counter-claim, or other demand of the government, upon which judgment may go against him, with-

out the intervention of a jury, if the court, upon the whole case, is of opinion that the government is entitled to such judgment. If the claimant avails himself of the privilege thus granted, he must do so subject to the conditions annexed by the government to the exercise of the privilege. Nothing more need be said on this subject." 102 US 426, 440; 26 L Ed 189, 192.

In a similar vein, *Michigan State Bank v Hastings,* 1 Doug 225, 236; 41 Am Dec 549 (1844), said:

"The principle is well settled that, while a state may sue, it cannot be sued in its own courts, unless, indeed, it consents to submit itself to their jurisdiction. This is done in cases where the state claims something in opposition to a claim set up by an individual, and where the controversy depends upon the solution of legal principles involved in intricacy and doubt. These questions can be best determined by the judiciary; and an act of the legislature, conferring jurisdiction upon the courts in the particular case, is the usual mode by which the state consents to submit its rights to the judgment of the judiciary."

*Conservation Department v Brown,* 335 Mich 343, 346; 55 NW2d 859 (1952), noted that the right to jury trial in Michigan has been "preserved in all cases where it existed prior to the adoption" of the above-mentioned provisions of the Michigan Constitutions. As indicated in *Hastings, supra,* there was no common-law right to maintain an action against the state, and consequently there was no common-law right to a jury trial in such instances. Plaintiff's cause of action was specifically created by statute, MCLA 691.1402; MSA 3.996(102), and was "unknown to the legal system of this state when the Constitution was adopted". 335 Mich 343, 349–350. We conclude that there is no fundamental right to a jury trial in the Court of Claims under Const 1963, art 1, § 14.

Since a fundamental right is not involved, we must determine if the "scheme" of MCLA 691.1410; MSA 3.996(110) and MCLA 600.6443; MSA 27A.6443, by which plaintiff must proceed with her cause of action against the State Highway Department in a nonjury trial in the Court of Claims "rationally furthers some legitimate, articulated state purpose and therefore does not constitute an invidious discrimination in violation" of the constitutional guarantees of equal protection of the laws.[1] *San Antonio Independent School Dist v Rodriguez,* 411 US 1, 17; 93 S Ct 1278, 1288; 36 L Ed 2d 16, 33 (1973).

Previous to 1939 PA 135, MCLA 691.101 *et seq.;* MSA 27.3548(1) *et seq.,* there was no forum in which plaintiffs with a claim against the state might, by way of a trial, obtain compensation for damages incurred as a result of the state's tortious conduct. Before the Court of Claims was created, persons with claims for damages against the state initially sought relief before the Board of State Auditors. This board, originally created by 1842 PA 12, heard claims against the state until the early Twenties, at which time the State Administrative Board was created to hear such claims. 1921 PA 3, 1925 PA 374, 1927 PA 133, and 1929 PA 259. See, Cooperrider, *Governmental Tort Liability,* 72 Mich L Rev 187, 250–256 (1973). 1939 PA 135, the original Court of Claims act, gave the state Court of Claims exclusive jurisdiction over claims and demands against the state or any of its departments or agencies. 1961 PA 236, MCLA 600.6401; MSA 27A.6401, the current Court of Claims Act, is applicable to the instant case. MCLA 691.1410; MSA 3.996(110).

Plaintiff, seeking recovery against defendant un-

---

[1] US Const, Am XIV and Const 1963, art 1, §§ 1, 2.

der the current Court of Claims Act, does enjoy the right to a judicial, rather than administrative, determination of her claim. Plaintiff is not foreclosed, by some procedural impediment, from seeking redress of her grievance in a judicial forum.

*Reich, supra,* involved a notice requirement which was found to have "arbitrarily bar[red] the actions of the victims of governmental negligence after only 60 days". 386 Mich 617, 623. The Michigan Supreme Court recently restated its displeasure towards devices such as notice requirements which "unduly restrict * * * access" to the courts. *Carver v McKernan,* 390 Mich 96, 99; 211 NW2d 24, 26 (1973). While *Reich* was briefed in *Carver,* the Court in *Carver* must have felt that the *Reich* equal protection analysis was unpersuasive in that *Carver* found a legitimate purpose for the notice requirement of MCLA 257.1118; MSA 9.2818, and failed to find that it was unconstitutional. 390 Mich 96, 99–100.

A judgment against the state based on a claim such as the one maintained by plaintiff is payable from state funds. MCLA 691.1402; MSA 3.996(102). A judgment against a county road commission, such as the one maintained by plaintiff against the Washtenaw County Road Commission, is payable from county road funds. MCLA 224.21; MSA 9.121. We find that the Legislature made a rational decision when it enacted MCLA 600.6443; MSA 27A.6443. The Legislature made a legitimate determination that local jurors might not be as fiscally responsible in awarding state funds to successful plaintiffs as they would be in awarding local tax dollars to said plaintiffs. By positing a legitimate purpose for the nonjury trial requirement, we therefore find that plaintiff was not denied the equal protection of the laws by said requirement.

Plaintiff has also relied upon *Reich* for her argument that she is entitled to consolidate her suit against the State Highway Commission with her suit against the Washtenaw County Road Commission. *Roberts v Michigan,* 45 Mich App 252, 254; 206 NW2d 466 (1973), indicated that constitutional questions will not be passed upon if a case "may be otherwise decided". Without deciding the equal protection issue raised by plaintiff, we have determined that the joinder of plaintiff's action against the State Highway Commission with her action against the county road commission would, in this instance, "promote the convenient administration of justice". GCR 1963, 206.1(2). Plaintiff was injured near the intersection of a state highway and a county road, and many of the same facts are present in both actions. Plaintiff's alleged contributory negligence and/or lack thereof will undoubtedly be an issue in both actions, and we find that joinder of both actions is proper under the provisions of GCR 1963, 206.1(2). A circuit judge, assigned as provided by statute and sitting as trial judge in the Court of Claims, may, without jury, hear the present case against the state and State Highway Commission and simultaneously, sitting as circuit judge, with jury, hear the case against the county road commission.

We are, of course, aware of the practical implications which may arise from this determination. The trial problems involved will be similar, but not identical, to situations under current practice where in suits involving joint tortfeasors one party demands a jury and the other party waives a jury. Commonly, such suits are consolidated in a single trial. We are confident that, in this case, the Washtenaw Circuit Court Clerk and the Court of Claims Clerk will be able to accommodate each

other's docketing procedures and records and that the problems of maintaining a stenographic record of the trials and the transcribing of the same will be solved. The assignment of the trial judge, place of trial, designation of the court stenographer, and related matters remain the province of the Supreme Court Administrator as provided by statute. MCLA 600.6404, 6407, 6410; MSA 27A.6404, 6407, 6410.

Defendants' argument that they are not liable for the defective design of a highway has not been passed upon by the trial court, and is not, therefore, properly before this Court.

Affirmed in part, reversed in part, and remanded for proceedings consistent with the above opinion. No costs, a public question being involved.

All concurred.