HOBBS v MICHIGAN STATE HIGHWAY DEPARTMENT

1. HIGHWAYS—GOVERNMENT AGENCIES—NEGLIGENCE—NOTICE—LIMI-
TATION OF ACTIONS—STATUTES—COURT OF CLAIMS ACT.

Any person sustaining bodily injury or damage to his property by
reason of failure of any governmental agency to keep any
highway under its jurisdiction in reasonable repair may recover
the damages suffered by him from such governmental agency
subject to a two-year statute of limitations and notice provision
different from and exclusive of the one year provision appear-
ing in the Court of Claims Act (MCLA 691.1402, 1404).

2. CONSTITUTIONAL LAW—EQUAL PROTECTION—GOVERNMENTAL UNITS
—NOTICE OF CLAIM—NEGLIGENCE—LIMITATION OF ACTIONS—
TORTFEASOR CLASSES.

The arbitrary splitting of the natural classes of all tortfeasors
into two differently treated subclasses, private tortfeasors to
whom no notice of claim is owed, and governmental tortfeasors
to whom notice is owed, constitutes an arbitrary and unreason-
able variance in the treatment of both portions of one natural
class and is, therefore, barred by the constitutional guarantees
of equal protection.

Appeal from the Court of Claims, Kenneth G.
Prettie, J. Submitted Division 2 November 13,
1974, at Lansing. (Docket No. 19890.) Decided
January 29, 1975. Leave to appeal applied for.

Complaint by Edith L. Hobbs against the Michi-

REFERENCES FOR POINTS IN HEADNOTES
[1] 40 Am Jur 2d, Highways, Streets, and Bridges § 581.
51 Am Jur 2d, Limitation of Actions §§ 135, 136.
56 Am Jur 2d, Municipal Corporations, Counties, and Other Politi-
cal Subdivisions § 680 et seq.
[2] 16 Am Jur 2d, Constitutional Law §§ 488, 526–531.
57 Am Jur 2d, Municipal, School, and State Tort Liability §§ 100,
101.
Effect of statute permitting state to be sued upon the question of its
liability for negligence or tort. 169 ALR 105.

gan State Highway Department for damages resulting from an automobile accident. Judgment for defendant. Plaintiff appeals. Reversed and remanded.

*James H. Kaladjian, E. Donald Goodman,* and *Martin M. Doctoroff,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Louis J. Caruso* and *Myron A. McMillan,* Assistant Attorneys General, for the Michigan State Highway Department.

Before: BRONSON, P. J., and D. E. HOLBROOK, and V. J. BRENNAN, JJ.

BRONSON, P. J. Plaintiff-appellant, Edith L. Hobbs, brought suit against defendant-appellee, Michigan State Highway Department, for damages arising out of an automobile accident occurring on I-75 in Royal Oak in which Gailen Hobbs, appellant's decedent, was killed when the automobile he was driving plunged off an overpass bridge.

The fatal accident occurred on May 22, 1972. Suit was filed in the Court of Claims on October 9, 1973, claiming, *inter alia,* that the highway department had been negligent in designing, constructing and maintaining the bridge and that this negligence was the proximate cause of the accident.

A motion for accelerated and/or summary judgment, as amended, was filed by the highway department, which asserted that the Court of Claims lacked jurisdiction[1] over Hobbs' claim because she

---

[1] We here expressly disapprove of the practice of filing a hybrid motion labeled "summary and/or accelerated judgment". The court rules are detailed and explicit in setting forth the various grounds for both breeds of pretrial motions. The one filed here, asserting lack of subject matter jurisdiction as a bar, is clearly a motion for accelerated judgment pursuant to GCR 1963, 116.1(2).

had failed to file her complaint, or a notice of intention to file the same, within one year after the claim had accrued as required by the Court of Claims Act, MCLA 600.6431(1); MSA 27A.6431(1). The Court of Claims judge granted summary judgment in favor of the highway department on that basis. It is from this order that Hobbs appeals.

Both the parties and the Court of Claims judge concluded that the notice, statute of limitations, and liability provisions of the Court of Claims Act control this case. Summary judgment was predicated thereon, and this appeal has proceeded on that assumption. We are compelled to point out, however, and base our decision on, a different statutory scheme.

MCLA 691.1411; MSA 3.996(111) provides as follows:

"(1) Every claim against any governmental agency shall be subject to the general law respecting limitations of actions except as otherwise provided in this section.

"(2) The period of limitations for claims arising under section 2 of this act shall be 2 years.

"(3) The period of limitations for all claims against the state, except those arising under section 2 of this act, shall be governed by chapter 64 of Act No. 236 of the Public Acts of 1961."

Chapter 64 of Act No. 236 of the Public Acts of 1961 is the Court of Claims Act. It appears, therefore, that any claim brought against the state under section 2 of the general highway statute, MCLA 691.1401 *et seq.;* MSA 3.996(101) *et seq.,* is subject to a different[2] two-year statute of limitations.

In addition, claims arising under § 2 are subject

---

[2] The Court of Claims Act provides a three-year statute of limitations. MCLA 600.6452(1); MSA 27A.6452(1).

to a notice requirement different from and expressly exclusive of the notice provision appearing in the Court of Claims Act. The notice requirement of the general highway statute provides, in pertinent part:

"(1) *As a condition to any recovery for injuries sustained by reason of any defective highway,* the injured person, within *120 days* from the time the injury occurred, except as otherwise provided in subsection (3) shall serve a notice on the governmental agency of the occurrence of the injury and the defect. The notice shall specify the exact location and nature of the defect, the injury sustained and the names of the witnesses known at the time by the claimant.

"(2) The notice may be served upon any individual, either personally, or by certified mail, return receipt requested, who may lawfully be served with civil process directed against the governmental agency, anything to the contrary in the charter of any municipal corporation notwithstanding. In case of the state, such notice shall be filed in triplicate with the clerk of the court of claims. *Filing of such notice shall constitute compliance with section 6431 of Act No. 236 of the Public Acts of 1961, being section 600.6431 of the Compiled Laws of 1948, requiring the filing of notice of intention to file a claim against the state.* * * * " MCLA 691.1404; MSA 3.996(104) (Emphasis added.).

Section 6431 of Act No 236 of the Public Acts of 1961 is the notice provision of the Court of Claims Act about which the parties have argued and upon which the summary judgment was based. The italicized language suggests to us, however, that the notice provision of MCLA 691.1404; MSA 3.996(104) will apply if this claim arises under § 2 of the general highway statute. It is to that question which we now turn.

Section 2, codified as MCLA 691.1402; MSA 3.996(102), provides as follows:

"Each governmental agency having jurisdiction over any highway shall maintain the highway in reasonable repair so that it is reasonably safe and convenient for public travel. *Any person sustaining bodily injury or damage to his property by reason of failure of any governmental agency to keep any highway under its jurisdiction in reasonable repair, and in condition reasonably safe and fit for travel, may recover the damages suffered by him from such governmental agency.* The liability, procedure and remedy as to county roads under the jurisdiction of a county road commission shall be as provided in section 21, chapter 4 of Act No. 283 of the Public Acts of 1909, as amended, being section 224.21 of the Compiled Laws of 1948. The duty of the state and the county road commissions to repair and maintain highways, and the liability therefor, shall extend only to the improved portion of the highway designed for vehicular travel and shall not include sidewalks, crosswalks or any other installation outside of the improved portion of the highway designed for vehicular travel. No action shall be brought against the state under this section except for injury or loss suffered on or after July 1, 1965. Any judgment against the state based on a claim arising under this section from acts or omissions of the state highway department shall be payable only from restricted funds appropriated to the state highway department or funds provided by its insurer." (Emphasis supplied.)

Plaintiff's decedent clearly was a "person sustaining bodily injury or damage to his property". The question whether his death was due to defendant's negligent failure to keep "any highway under its jurisdiction in reasonable repair, and in condition reasonably safe and fit for travel", is of course one of fact, to be determined by the trier of fact at a later stage in these proceedings.[3] More important for our purposes here, plaintiff-appellant Hobbs

---

[3] We note that the Court of Claims judge refused to grant summary judgment for defendant-appellee on one of the grounds urged—that it had no jurisdiction over or responsibility for the overpass bridge on I-75 on which the accident occurred. That finding was not appealed.

has clearly pled sufficient facts to bring her claim under § 2. Accordingly, the notice and statute of limitations provisions previously set forth apply to this case.

It is undisputed that Hobbs filed no notice with the clerk of the Court of Claims within 120 days of the accrual of her claim as required by MCLA 691.1404; MSA 3.996(104). If we were to accept the statute as it now stands, such a failure on her part would permanently bar recovery. Supreme Court authority dictates a different result, however.

In *Reich v State Highway Department,* 386 Mich 617; 194 NW2d 700 (1972), our Supreme Court declared an earlier version of MCLA 691.1404; MSA 3.996(104) unconstitutional. That earlier version required notice to be filed within 60 days of the accrual of the claim. In holding this section violative of the equal protection clauses of our state and Federal constitutions, the Court stated:

" * * * [T]he notice provisions of the statute arbitrarily split the natural class, *i.e.,* all tortfeasors, into two differently treated subclasses: private tortfeasors to whom no notice of claim is owed and governmental tortfeasors to whom notice is owed.

"This diverse treatment of members of a class along the lines of governmental or private tortfeasors bears no reasonable relationship under today's circumstances to the recognized purpose of the act. It constitutes an arbitrary and unreasonable variance in the treatment of both portions of one natural class and is, therefore, barred by the constitutional guarantees of equal protection. * * * The notice provision is void and of no effect." *Reich v State Highway Department, supra,* at pp 623–624.

The Legislature's 1970 amendment,[4] increasing the time limit to 120 days, has not prevented the

---

[4] 1970 PA 155, adopted August 1, 1970.

"diverse treatment" condemned in *Reich.* It has not cured the equal protection difficulties engendered by arbitrarily separating, on the one hand, private from governmental tortfeasors and, on the other hand, their respective victims. We conclude that *Reich* is still good law in this state, that MCLA 691.1404; MSA 3.996(104) still does not pass constitutional muster, and that Hobbs' failure to comply therewith does not bar her claim. Since that claim was filed within the applicable two-year statute of limitations period, MCLA 691.1411; MSA 3.996(111), the summary judgment entered in defendant's favor must be reversed and this case remanded for further proceedings.

Reversed and remanded for further proceedings not inconsistent with this opinion.