ZIMMER v STATE HIGHWAY DEPARTMENT

1. LIMITATION OF ACTIONS—CLAIM AGAINST STATE—HIGHWAYS—STATUTES.

A claim brought against the state which alleges that a highway guard rail was improperly designed, constructed, installed, and maintained falls within the scope of the general highway statute and is therefore subject to a two-year statute of limitations (MCLA 691.1402, 691.1411[2]).

2. STATUTES—CONSTITUTIONAL LAW—COURT OF CLAIMS ACT—NOTICE OF CLAIM.

A provision of the Court of Claims Act which requires notice of a claim against the state to be filed within 120 days of the occurrence giving rise to the cause of action is not constitutional because it arbitrarily splits natural classes, tortfeasors, into two differently treated subclasses; private tortfeasors to whom no notice of claim is owed and governmental tortfeasors to whom notice is owed; the two-year statute of limitations applies for claims against the state for improper design, construction, installation or maintenance of a highway (MCLA 691.1404, 691.1411[2]).

Appeal from Court of Claims, Willard L. Mikesell, J. Submitted Division 2 January 14, 1975, at Lansing. (Docket No. 19741.) Decided February 28, 1975. Leave to appeal applied for.

Complaint by Joyce Zimmer as administratrix of the estate of Boyd A. Zimmer, Jr., deceased, against the State of Michigan and the Department of State Highways, for damages resulting from

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 40 Am Jur 2d, Highways, Streets, and Bridges § 581.
[2] 51 Am Jur 2d, Limitation of Actions § 115.
Limitation period as affected by requirement of notice or presentation of claim against governmental body. 3 ALR2d 711.

alleged defective design and construction of a highway guard rail. Accelerated judgment for defendants. Plaintiff appeals. Reversed and remanded.

*Moore, Sills, Poling, Wooster, Chaffoos & Sinn, P. C.,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Louis J. Caruso* and *Myron A. McMillan,* Assistants Attorney General, for defendants.

Before: T. M. BURNS, P. J., and D. E. HOLBROOK and M. J. KELLY, JJ.

PER CURIAM. This case arises from a fatal accident which occurred on July 20, 1969. Boyd A. Zimmer, Jr. was killed when his vehicle struck a guard rail leading off the entrance ramp on North Telegraph Road to I-696 in Southfield, Michigan. Approximately seven months thereafter a letter was sent, by an attorney, to the State Highway Department, notifying it that a claim was going to be presented in the future. Somehow this letter made its way to the proper office, *viz.,* the Attorney General's office and to the Assistant Attorney General in this case. That individual responded to the letter, saying, in essence, that plaintiff no longer had any possible claim against the State Highway Department because of failure to give notice of intention to file claim in the Court of Claims within 60 days after the accident. On September 21, 1970, a detailed and verified notice of intention to claim was filed by plaintiff in the Court of Claims. On June 2, 1971, the plaintiff filed a verified complaint in the Court of Claims. On June 9, 1971, defendants filed a motion for accelerated judgment. After argument, the Court

of Claims took the motion under advisement and issued an opinion dated December 5, 1973. In the interim, the Supreme Court had held the 60-day notice requirement unconstitutional. *Reich v State Highway Department,* 386 Mich 617; 194 NW2d 700 (1972). MCLA 600.6431(3); MSA 27A.6431(3), provides that a notice of intention to file a claim or the claim itself must be filed within six months following the happening of the event giving rise to the cause of action. The trial judge found the provision "neither arbitrary or capricious and * * * reasonable and not a denial of the equal protection provisions of the United States Constitution". In that holding, applying that finding to the present case, the trial court found that, as the plaintiff had not complied with the notice provision of the Court of Claims Act, the motion for accelerated judgment should be granted. An order for accelerated judgment entered and the complaint was dismissed. From this determination plaintiff has appealed.

Plaintiff has presented us with arguments as to the unconstitutionality of MCLA 600.6431(3); MSA 27A.6431(3), and a sophisticated argument based upon *Carver v McKernan,* 390 Mich 96; 211 NW2d 24 (1973), that the letter, albeit sent to the State Department of Highways rather than the Court of Claims and signed by the attorney rather than verified by the plaintiff, constituted substantial compliance with the notice provision, as did the formal notice of intention to file the claim filed some 15 months after the accident, and that consequently defendants would have to show prejudice in order for a motion for accelerated judgment to be granted. For the following reasons, we find that it is unnecessary to pass directly upon these claims.

Plaintiff's complaint alleged that the guard rail was improperly designed, constructed, installed and maintained. There was no assertion of nuisance per se, disturbance of rights in land, or nuisance coupled with a taking of property without just compensation. Therefore, plaintiff's action falls within the scope of MCLA 691.1402; MSA 3.996(102); *Stremler v State Highway Department,* 58 Mich App 620; 228 NW2d 492 (1975). As such, Judge BRONSON's excellent analysis in *Hobbs v State Highway Department,* 58 Mich App 189; 227 NW2d 286 (1975), comes to bear upon this case.

In that case Edith Hobbs, as executrix of the estate of Gailen L. Hobbs, brought a suit against the Michigan State Highway Department for damages arising out of an automobile accident, which accident killed Hobbs' decedent. The suit filed claimed that the highway department had been negligent in designing, constructing and maintaining the bridge upon which the accident occurred. A motion for accelerated and summary judgment was filed by the highway department which asserted that the Court of Claims lacked jurisdiction over the Hobbs' claim because she had failed to file her complaint, or a notice of intention to file the same, within an applicable time period as required by the Court of Claims Act. Summary judgment was granted in favor of the highway department and Hobbs appealed. The Court concluded that the claim was brought against the state under § 2 of the general highway statute, being MCLA 691.1402; MSA 3.996(102), and that, as such, the action was subject to a different statute of limitations. See MCLA 691.1411(2); MSA 3.996(111)(2). The Court stated that it was undisputed that Hobbs had failed to file notice with the Clerk of the Court of Claims within the 120 days provided by MCLA 691.1404; MSA 3.996(104). The Court

relied upon *Reich v State Highway Department,*
*supra,* which held that the notice provisions had
arbitrarily split natural classes, *i.e.,* tortfeasors,
into two differently treated subclasses, *viz.,* private
tortfeasors to whom no notice of claim is owed and
governmental tortfeasors to whom notice is owed.
It is stated on 58 Mich App 195; 227 NW2d 289:

"We conclude that *Reich* is still good law in this
state, that MCLA 691.1404; MSA 3.996(104) still does
not pass constitutional muster, and that Hobbs' failure
to comply therewith does not bar her claim. Since that
claim was filed within the applicable two-year statute of
limitations period, MCLA 691.1411; MSA 3.996(111), the
summary judgment entered in defendant's favor must
be reversed and this case remanded for further proceed-
ings."

Likewise, in the present case, as the claim was
filed within the applicable two-year statute of
limitations, MCLA 691.1411(2); MSA 3.996(111)(2),
the accelerated judgment entered must be reversed
and this case remanded for further proceedings.
Costs to plaintiff.