KERKSTRA v STATE HIGHWAY DEPARTMENT

LIMITATION OF ACTIONS—CLAIM AGAINST STATE—HIGHWAYS—STAT-
UTES.

> A claim brought against the state which alleges that a highway
> was improperly designed, constructed, installed, and main-
> tained falls within the scope of the general highway statute
> and is therefore subject to a two-year statute of limitations
> (MCLA 691.1402, 691.1411[2]).

Appeal from the Court of Claims, Joseph P. Swallow, J. Submitted Division 2 April 15, 1975, at Lansing. (Docket No. 21007.) Decided April 28, 1975. Leave to appeal applied for.

Complaint by Peter Kerkstra, Sr., administrator of the estate of James Joseph Kerkstra, deceased, against the State of Michigan and the Michigan State Highway Department for damages resulting from alleged defective design, construction and maintenance of a highway. Accelerated judgment for defendants. Plaintiff appeals. Reversed and remanded.

*Hillman, Baxter & Hammond* (by *Stephen D. Turner)*, for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Louis J. Caruso* and *Francis J. Carrier,* Assistants Attorney General, for defendants.

---

REFERENCE FOR POINTS IN HEADNOTE
40 Am Jur 2d, Highways, Streets and Bridges § 581.

Before: Danhof, P. J., and Bashara and D. E. Holbrook, Jr., JJ.

Per Curiam. Plaintiff brought suit for damages arising out of an automobile accident which occurred at the intersection of an exit ramp from US-131 and Wealthy Street in the City of Grand Rapids on May 6, 1972. The plaintiff's decedent was killed when his automobile was struck by another vehicle allegedly due to the defendants' negligence in the design, construction and maintenance of the intersection. Complaint was filed on January 29, 1974. The Court of Claims granted defendants' motion for an accelerated judgment because the plaintiff failed to comply with the notice requirement of the Court of Claims Act, MCLA 600.6431(1); MSA 27A.6431(1).

The parties and the lower court proceeded on the assumption that the Court of Claims Act controlled in this case, and on appeal, arguments as to the constitutionality and the proper implementation of the act are advanced. However, this Court has recently held that under facts indistinguishable from those in the present case, the general highway statute, specifically MCLA 691.1402; MSA 3.996(102), is controlling. *Zimmer v State Highway Dept,* 60 Mich App 769; 231 NW2d 519 (1975), citing *Hobbs v Michigan State Highway Department,* 58 Mich App 189; 227 NW2d 286 (1975). Consequently, because the claim was filed within the appropriate two-year limitation period, MCLA 691.1411(2); MSA 3.996(111)(2), the accelerated judgment entered in the defendants' favor must be reversed, and the case remanded for further proceedings.

Reversed and remanded for further proceedings not inconsistent with this opinion. No costs, a public question.