HANGER v STATE HIGHWAY DEPARTMENT

OPINION OF THE COURT

1. NOTICE—STATES—HIGHWAYS—DEFECTS—SOVEREIGN IMMUNITY—
   COURT OF CLAIMS—STATUTES.

   The specific notice provision of the sovereign immunity act con-
   cerning recovery for injuries sustained by reason of a defective
   highway takes precedence over the notice provision of the
   Court of Claims Act with respect to personal injury claims
   arising from failure of a governmental agency to keep a high-
   way in reasonable repair (MCLA 600.6431[3], 691.1402,
   691.1404).

2. NOTICE—STATES—HIGHWAYS—DEFECTS—CONSTITUTIONAL LAW—
   SOVEREIGN IMMUNITY—STATUTES.

   The notice requirement of the sovereign immunity statute con-
   cerning recovery for injuries sustained by reason of a defective
   highway is constitutionally void; however, the six-month notice
   requirement of the Court of Claims Act must still be met with
   regard to such claims (MCLA 600.6431[3], 691.1404, 691.1410).

3. CONSTITUTIONAL LAW—EQUAL PROTECTION—RATIONAL BASIS—STAT-
   UTES—BURDEN OF PROOF.

   The rational basis test applies where no fundamental rights are
   involved in deciding the constitutionality of a statute on equal
   protection grounds; a statute is presumed constitutional and
   before the Court of Appeals will strike down a statute as
   violative of equal protection, the challenging party must meet
   his heavy burden of showing that the classification has no
   reasonable basis.

4. CONSTITUTIONAL LAW—STATUTES—STATES—COURT OF CLAIMS ACT—
   NOTICE OF CLAIM—EQUAL PROTECTION..

   The notice provision of the Court of Claims Act requiring a notice
   of intention to file a claim against the state in all actions for

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 39 Am Jur 2d, Highways, Streets, and Bridges §§ 411–421.
[3] 16 Am Jur 2d, Constitutional Law § 137 *et seq.*
[4–9] 72 Am Jur 2d, States, Territories, and Dependencies § 99 *et seq.*

property damage or personal injury under the act is not unconstitutional as violative of equal protection of the laws (MCLA 600.6431[3]).

5. DISMISSAL AND NONSUIT—NOTICE—PREJUDICE—COURT OF CLAIMS ACT—STATUTES.

A state agency is required to show prejudice before a claim against the state is dismissed because of failure to give notice to the state under the Court of Claims Act notice provisions (MCLA 600.6431).

CONCURRENCE IN RESULT BY O'HARA, J.

6. STATES—CONSTITUTIONAL LAW—SOVEREIGNTY—TORTS—GOVERNMENTAL IMMUNITY.

*Each state in the federated union is sovereign; it retains every incident of sovereignty not specifically delegated to the Federal government or prohibited to the state; hence the state cannot be subject to tort liability unless it waives its immunity (US Const, Am X).*

7. APPEAL AND ERROR—CASE PRECEDENT—COURTS—TORTS—CLAIMS AGAINST STATE—NOTICE.

*A decision by a majority of the Supreme Court which says that a 60-day notice provision is not a valid condition precedent to the maintenance of a tort action against the state is the law of the state and by this holding all other courts of the state are bound.*

8. TORTS—CLAIMS AGAINST STATE—COURTS—COURT OF CLAIMS.

*Tort claims against the state can only be maintained in the Court of Claims.*

9. CONSTITUTIONAL LAW—EQUAL PROTECTION—TORTS—GOVERNMENTAL NEGLIGENCE—LIMITATION OF ACTIONS—NOTICE REQUIREMENT—STATUTES—CASE PRECEDENT.

*Victims of governmental negligence are entitled to the same three years in which to bring a tort action as victims of private negligence are given; any notice requirement which is a condition precedent to the maintenance of a tort action against the state, whether in the Court of Claims Act, the sovereign immunity statute, or any other statute is a special statute of limitations and such a limitation requiring notice not required of victims of private negligence is, under a Supreme Court's holding, violative of equal protection of the laws and constitutionally infirm (MCLA 600.6431, 691.1404).*

Appeal from Court of Claims, James T. Kallman, J. Submitted June 9, 1975, at Lansing. (Docket No. 22342.) Decided September 24, 1975. Leave to appeal applied for.

Complaint by William Hanger and Elaine Hanger against the State Highway Department and the St. Clair County Road Commission for damages arising out of an automobile collision occasioned by defective road maintenance. Accelerated judgment for the State Highway Department. Plaintiffs appeal. Reversed and remanded for further proceedings.

*Kozlow, Jasmer & Woll, P. C.,* for plaintiffs.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Louis J. Caruso* and *Ronald F. Rose,* Assistants Attorney General, for defendant State Highway Department.

Before: Allen, P. J., and D. F. Walsh and O'Hara,[*] JJ.

Allen, P. J. Plaintiffs instituted suit in the Court of Claims against the State Highway Department and the St. Clair County Road Commission[1] on June 3, 1974, seeking damages for injury sustained by William Hanger in an automobile collision on October 28, 1973 in St. Clair County allegedly occasioned by defective road maintenance. MCLA 691.1402; MSA 3.996(102). The Court of Claims granted the State Highway Department's motion for accelerated judgment on the grounds that plaintiffs had not complied with the

---

[*] Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] It was stipulated below that the County Road Commission be dismissed as a party defendant.

six-month notice provision of the Court of Claims Act, MCLA 600.6431(3); MSA 27A.6431(3), and plaintiffs appeal.

Plaintiffs maintain that the court erroneously based accelerated judgment on their failure to comply with an unconstitutional notice provision. *Tamulion v State Waterways Commission,* 50 Mich App 60; 212 NW2d 828 (1973). Alternatively, plaintiffs forcefully rely on the recent ruling in *Hobbs v State Highway Department,* 58 Mich App 189; 227 NW2d 286 (1975), that the notice provision within the general highway statute exclusively controls cases of the instant stature, and said notice requirement remains constitutionally void under the Supreme Court opinion in *Reich v State Highway Department,* 386 Mich 617; 194 NW2d 700 (1972). For reasons which will become evident, this Court opines that the six-month notice provision of the Court of Claims Act applies to the instant plaintiffs, and is not constitutionally infirm. We conclude, moreover, that the Supreme Court decision in *Carver v McKernan,* 390 Mich 96; 211 NW2d 24 (1973), dictates that the accelerated judgment be set aside, and the cause remanded for a hearing to ascertain whether the State Highway Department was prejudiced by plaintiffs' failure to give notice.

The instant action was dismissed because plaintiffs failed to comply with the following notice provision in the Court of Claims Act:

"In all actions for property damage or personal injuries, claimant shall file with the clerk of the court of claims a notice of intention to file a claim or the claim itself within 6 months following the happening of the event giving rise to the cause of action." MCLA 600.6431(3); MSA 27A.6431(3).

Plaintiffs' theory of liability against the State

Highway Department is based on § 2 of the sovereign immunity statute, 1964 PA 170, which reads in pertinent part:

"Each governmental agency having jurisdiction over any highway shall maintain the highway in reasonable repair so that it is reasonably safe and convenient for public travel. Any person sustaining bodily injury or damage to his property by reason of failure of any governmental agency to keep any highway under its jurisdiction in reasonable repair, and in condition reasonably safe and fit for travel, may recover the damages suffered by him from such governmental agency." MCLA 691.1402; MSA 3.996(102).

Under § 4 of the act, one finds the following notice provision:

"(1) As a condition to any recovery for injuries sustained by reason of any defective highway, the injured person, within 120 days from the time the injury occurred, except as otherwise provided in subsection (3) shall serve a notice on the governmental agency of the occurrence of the injury and the defect. The notice shall specify the exact location and nature of the defect, the injury sustained and the names of the witnesses known at the time by the claimant.

"(2) The notice may be served upon any individual, either personally, or by certified mail, return receipt requested, who may lawfully be served with civil process directed against the governmental agency, anything to the contrary in the charter of any municipal corporation notwithstanding. In case of the state, such notice shall be filed in triplicate with the clerk of the court of claims. Filing of such notice shall constitute compliance with section 6431 of Act No. 236 of the Public Acts of 1961, being section 600.6431 of the Compiled Laws of 1948, requiring the filing of notice of intention to file a claim against the state." MCLA 691.1404; MSA 3.996(104).

In *Reich v State Highway Department,* 386 Mich
617; 194 NW2d 700 (1972), our Supreme Court
declared the prior 60-day version of § 4 unconstitu-
tional on equal protection grounds:

"The object of the legislation under consideration is
to waive the immunity of governmental units and
agencies from liability for injuries caused by their
negligent conduct, thus putting them on an equal foot-
ing with private tortfeasors. However, the notice provi-
sions of the statute arbitrarily split the natural class,
*i.e.,* all tortfeasors, into two differently treated sub-
classes: private tortfeasors to whom no notice of claim
is owed and governmental tortfeasors to whom notice is
owed.

"This diverse treatment of members of a class along
the lines of governmental or private tortfeasors bears
no reasonable relationship under today's circumstances
to the recognized purpose of the act. It constitutes an
arbitrary and unreasonable variance in the treatment
of both portions of one natural class and is, therefore,
barred by the constitutional guarantees of equal protec-
tion.

"Just as the notice requirement by its operation
divides the natural class of negligent tortfeasors, so too
the natural class of victims of negligent conduct is also
arbitrarily split into two subclasses: victims of govern-
mental negligence who must meet the requirement, and
victims of private negligence who are subject to no such
requirement. Contrary to the legislature's intention to
place victims of negligent conduct on equal footing, the
notice requirement acts as a special statute of limita-
tions which arbitrarily bars the actions of the victims of
governmental negligence after only 60 days. The vic-
tims of private negligence are granted three years in
which to bring their actions. See MCLA 600.5805; MSA
27A.5805. Such arbitrary treatment clearly violates the
equal protection guarantees of our state and Federal
Constitutions. The notice provision is void and of no
effect." 386 Mich App 623–624.

The Court was not confronted with the question

whether one seeking recovery against the state under § 2 of the sovereign immunity act is nonetheless required to comply with the notice provisions of the Court of Claims Act, since all claimants in *Reich* had given notice before six months. This question was negatively answered in *Hobbs, supra.*

In *Hobbs, supra,* the Court of Claims dismissed plaintiff's suit for failing to file a complaint, or notice of intent, within one year pursuant to MCLA 600.6431(1); MSA 27A.6431(1) of the Court of Claims Act. On appeal, a panel of this Court ruled that the notice requirement under § 4 of the sovereign immunity statute[2] is "expressly exclusive of the notice provision appearing in the Court of Claims Act". Since the claim of plaintiff in *Hobbs* fell within § 2, the notice provision of [4] was deemed applicable. The *Hobbs* court further ruled that the legislative change of § 4 from 60 to 120 days did not prevent "the 'diverse treatment' condemned in *Reich*", and that the constitutional defect in the statute remains. Ergo, plaintiff was not barred from suit by failing to give notice within 120 days, since her complaint was filed within the two-year statute of limitations,[3] judgment for the State Highway Department was reversed. The decision in *Hobbs* has been followed by two other panels of this Court. See *Zimmer v State Highway Department,* 60 Mich App 769; 231 NW2d 519 (1975), *Kerkstra v State Highway Department,* 60 Mich App 761; 231 NW2d 521 (1975).

We agree with our brothers in *Hobbs* that the

---

[2] The opinion in *Hobbs, supra,* refers to both § 2 (MCLA 691.1402; MSA 3.996[102]) and § 4 (MCLA 691.1404; MSA 3.996[104]) as requirements of the general highway statute. Actually they are requirements of the sovereign immunity statute, 1964 PA 170. Because said sections pertain exclusively to highway matters the court descriptively referred to them as sections of the general highway statute.

[3] MCLA 691.1411; MSA 3.996(111).

specific notice provision of § 4 of the sovereign immunity act takes precedence over the notice provision in the Court of Claims Act with respect to personal injury claims under § 2.

Furthermore, we are compelled to concur with the Court in *Hobbs,* that under the pervasive ruling in *Reich* the legislative change in § 4 from 60 to 120 days did not breathe new life into the constitutionally void section. However, we respectfully disagree with the position of the Court in *Hobbs* that the § 4 notice provision is exclusive and, in effect, since void under *Reich,* a claimant proceeding under § 2 need not give notice short of filing a complaint within the two-year limitation period. We cannot agree that because § 4 has been declared void § 6431 of the Court of Claims Act is to be treated as void or at least overlooked.

The Legislature did not intend that parties claiming injury for highway defects be relieved of all responsibility under the Court of Claims Act. Both in § 4(2) and § 10 the Legislature expressed an intention that claims of this nature meet the requirements of § 6431 of the Court of Claims Act. This clear legislative intent is thwarted by that portion of *Hobbs* holding that because § 4 is void under *Reich, supra,* no notice of any type is required and the only limitation upon a claimant is the two-year statute of limitations. But since § 4 is void, we must treat it as if never written. However, § 10 of the Sovereign Immunity statute provides that:

"Claims against the state authorized under this act shall be brought in the manner provided in sections 6401 to 6475 of Act No. 236 of the Public Acts of 1961, being sections 600.6401 to 600.6475 of the Compiled Laws of 1948 * * * ." MCLA 691.1410; MSA 3.996(110).

Thus, discounting the unenforceable § 4, a claimant is required to proceed in the manner provided in § 6431 of the Court of Claims Act.

We conclude that the six-month notice requirement in § 6431(3) is applicable to instant plaintiffs. Plaintiffs filed their complaint seven months after the accident and the question still unanswered is whether the six-month provision denied plaintiffs equal protection of the laws. We note, at the outset, that the Supreme Court in *Reich* did not purport to nullify the notice provisions of the Court of Claims Act, but only struck down the notice provision of the sovereign immunity act. Therefore, we are not duty-bound by it. Since this Court is of the opinion that *Reich* is bottomed upon the false premise that the Legislature intended to place public and private tortfeasors on an equal plane,[4] and no longer reflects the existing

---

[4] Although the question whether the governmental immunity statute itself contravenes equal protection remains unanswered by our Supreme Court, a number of panels of this Court have rejected such constitutional challenge to MCLA 691.1407; MSA 3.996(107). *See Snow v Freeman*, 55 Mich App 84, 86; 222 NW2d 43 (1974), *Anderson v Detroit*, 54 Mich App 496; 221 NW2d 168 (1974), *Kriger v South Oakland County Mutual Aid Pact*, 49 Mich App 7; 211 NW2d 228 (1973).

If the state has the power to shield itself from liability under a governmental immunity statute, it would necessarily follow that the state has the power to place *reasonable* conditions on recovery under statutory exceptions. *Reich* is troublesome, in that the Court appears to make exceptions to governmental immunity an all or nothing proposition. The Court reaches this result via language that the Legislature intended to place victims of private and public tortfeasors on an "equal footing". It would seem fair to say, however, that if the Legislature so intended, it would not have enacted notice requirements. We invite the Supreme Court to reconsider its position in *Reich.*

Compare *Reich* with *Busha v Department of State Highways*, 51 Mich App 397; 215 NW2d 567 (1973) [two-year statute of limitations under MCLA 691.1411; MSA 3.996(111) not offensive to equal protection, although a victim of a private tortfeasor is accorded a three-year limitation period], and *Freissler v State Highway Commission*, 53 Mich App 530; 220 NW2d 141 (1974), *lv denied*, 393 Mich 757 (1974) [no equal protection violation where victim of a public tortfeasor has

state of jurisprudential law as espoused by our Supreme Court, we decline to extend its *ratio decidendi* to invalidate § 6431(3).

Since no fundamental rights are involved, the rational basis test applies. *Freissler v State Highway Commission,* 53 Mich App 530; 220 NW2d 141 (1974), *lv den,* 393 Mich 757 (1974). Moreover, a statute is presumed constitutional and before this Court will strike § 6431(3) as violative of equal protection, plaintiffs must meet their "heavy burden of showing that the classification has no reasonable basis". *Busha v Department of State Highways,* 51 Mich App 397, 400; 215 NW2d 567 (1973).

It has been recognized that "The principal purpose sought to be served by requiring notice is to provide the governmental agency with an opportunity to investigate the claim while the evidentiary

---

no right to jury trial in court of claims although victim of private tortfeasor has such a right in circuit court]. *Also see* a recent scholarly appraisal of *Reich* by Professor Luke K. Cooperrider, an excerpt of which follows:

"It must be clear that the legislature had no intention whatever to 'put governmental units on an equal footing with private tortfeasors'; such an intention is irreconcilable with the specific definition and circumscription of the liabilities recognized by the statute. Moreover, there *are* real and vital differences between the situations of governmental units and of private parties as potential tort defendants. * * * [N]o private party has a tort responsibility comparable to the governmental unit's responsibility for injuries allegedly caused by defective or unsafe conditions of highways. The confidence expressed in the ability of the modern municipality to protect its own litigational interests may be justifiable so long as the municipality becomes aware in some fashion of the potential claim, or of the condition from which it arises, in time for an effective investigation, but if there is no requirement of notification at any time prior to the filing of suit, the unit's efforts to uncover the facts relating to that condition as of the time of the accident may be fruitless. Taking into account the extent of the governmental unit's liability exposure where public ways and public buildings are concerned, and of the difficulties of keeping in current touch with all those conditions that might become a source of liability, surely there is nothing constitutionally unreasonable about a notice requirement that is not applicable to other tortfeasors and other claimants."

Cooperrider, *The Court, the Legislature, and Governmental Tort Liability in Michigan,* 72 Mich L Rev 187, 272 (1973).

trail is still fresh and, additionally, to remedy the defect before other persons are injured". *Hussey v Muskegon Heights,* 36 Mich App 264, 267–268; 193 NW2d 421 (1971), (footnote omitted). Since we perceive these objectives as involving legitimate governmental interest, and because § 6431(3) applies to all persons similarly situated, we are obliged to sustain that provision as against plaintiffs' constitutional challenge.

This Court is not oblivious to prior Court of Appeals decisions which invalidate § 6431(3) on the grounds that the provision offends the equal protection clause. *Tamulion v State Waterways Commission,* 50 Mich App 60; 212 NW2d 828 (1973), *Reich v State Highway Commission,*[5] 43 Mich App 284; 204 NW2d 226 (1972), *lv den,* 389 Mich 772 (1973). Both cases were based upon the Supreme Court decision in *Reich I, supra,* and were decided prior to the opinion in *Carver v McKernan,* 390 Mich 96, 100; 211 NW2d 24 (1973), wherein the Supreme Court specifically refused to declare the six-month notice requirement of the Motor Vehicle Accident Claims Act[6] unconstitutional:

"By positing a legitimate purpose for the notice provision we are constrained to hold that § 18 does not necessarily violate the constitution.

"But, even though some notice requirement may be permitted, a particular provision may still be constitutionally deficient. We must consider the time specified in the notice for an extremely short period may be unreasonable. What period is reasonable in part depends on what purpose the notice serves. Because we

[5] Not to be confused with the earlier *Reich* decision of the Supreme Court, *Reich v State Highway Department,* 386 Mich 617; 194 NW2d 700 (1972), cited above. For purposes of clarification the Supreme Court decision is sometimes referred to as *Reich I,* and the subsequent Court of Appeals decision as *Reich II.* The party plaintiff in *Reich II* is unrelated to the party plaintiff in *Reich I.*

[6] MCLA 257.1118; MSA 9.2818.

cannot say with certainty what purpose the Legislature had in mind in providing for this notice, we are not prepared to say that the six month period provided by this statute is unreasonable as a matter of law.

"The failure to give notice may result in prejudice to the fund according to whatever reason justifies the notice requirement. Whenever the Secretary claims to have been prejudiced by the lack of notice, he should be afforded the opportunity to show such prejudice.

"While we decline to declare that the notice requirement of § 18 is constitutionally defective, we hold that only upon a showing of prejudice by failure to give such notice, may the claim against the fund be dismissed."

This Court's position is that *Carver* signals a retreat from the *Reich I* rationale, and the recent Supreme Court decision in *Navarra v Board of Regents of the University of Michigan,* 393 Mich 773; 224 NW2d 833 (1974),[7] reveals that the *Carver* rule requiring the governmental agency to show prejudice before a claim is dismissed for lack of notice applies to the Court of Claims Act notice provisions in § 6431 as well.[8] The judgment of the

---

[7] Plaintiffs in *Navarra* appealed from accelerated judgment in the court of claims which was grounded upon failure to comply with the one-year notice provision of MCLA 600.6431(1); MSA 27A.6431(1). A panel of this Court upheld the constitutionality of the provision against an equal protection challenge based upon the Supreme Court decision in *Reich, supra,* by distinguishing tort claims from the construction contract claim involved therein. The Supreme Court reversed, not on the basis of *Reich,* but in light of *Carver:* "The Court * * * hereby reverses the opinion of the Court of Appeals and remands the case to the trial court for reconsideration in light of *Carver v McKernan,* 390 Mich 96 (1973), where we held that 'only upon a showing of prejudice by failure to give such notice, may the claim against the [governmental authority] be dismissed.' "

[8] Defendant maintains that § 6431 is jurisdictional in character, *Gilliland Const Co v State Highway Department,* 4 Mich App 618; 145 NW2d 384 (1966), and therefore the *Carver* rule which requires the governmental agency to show prejudice does not apply. Although the argument appears to possess some merit in cases where a party has failed to file a claim, or notice of intent to so file, within one year under § 6431(1), we find it inapposite to the instant case. Plaintiffs filed a complaint in the Court of Claims within one year.

Court of Claims is reversed and the cause remanded for further proceedings pursuant to this opinion.

D. F. WALSH, J., concurred.

O'HARA, J. *(concurring in result).* In my view each state in our federated union is sovereign. It retains every incident of sovereignty not specifically delegated to the Federal government or prohibited to the state. The applicable constitutional provision states:

"The powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people." US Const, Am X.

Hence the state cannot be subject to tort liability unless it waives its immunity.

Because it waives its immunity for certain of its claimed torts does not mean that it cannot attach limitations to that waiver both as to conditions precedent to maintaining an action and designating the forum in which the claim against it can be litigated.

The equal protection clause of the Fourteenth Amendment[1] to the Federal Constitution or its Michigan constitutional counterpart,[2] as I see it, have nothing to do with suits against the state for allegedly defectively designed, constructed or maintained highways.

However sound this may be historically and constitutionally the ultimate judicial authority in this state holds to the contrary. See *Reich v State Highway Department,* 386 Mich 617; 194 NW2d 700 (1972). By this holding all other courts of our state are bound.

---

[1] US Const, art XIV, § 1.

[2] Const 1963, art 1, § 2.

Therefore when a majority of our Supreme Court says that a 60-day notice provision is not a valid condition precedent to the maintenance of a tort action against the state that is the law of this state.

It is my view, and I believe settled law, that tort claims against the state can only be maintained in the court of claims. Indisputably this case was started in the court of claims within the three years available to victims of private negligence.

The Supreme Court said in *Reich, supra,* at 623–624:

"Contrary to the legislature's intention to place victims of negligent conduct on equal footing, the notice requirement acts as a special statute of limitations which arbitrarily bars the actions of the victims of governmental negligence after only 60 days [now 120 days]. The victims of private negligence are granted three years in which to bring their actions. See MCLA 600.5805; MSA 27A.5805. Such arbitrary treatment clearly violates the equal protection guarantees of our state and Federal Constitutions. The notice provision is void and of no effect."

From the foregoing language I am forced to conclude that "equal footing" means exactly what the plain everyday universally accepted meaning of that term is. Equal is equal. It's not pretty near equal, almost equal or practically equal. Thus I reason that "victims of governmental negligence" are entitled to the same three years in which to bring a tort action as "victims of private negligence" are granted.[3] I reason further that *any* notice requirement which is a condition precedent to the maintenance of a tort action against the

---

[3] MCLA 691.1411; MSA 3.996(111) establishes a two-year limitations period for claims brought against the state under MCLA 691.1402; MSA 3.996(102).

state, whether in the Court of Claims Act,[4] the sovereign immunity statute,[5] or any other legislative enactment, is as the Supreme Court said "a special statute of limitations" different from and in addition to that which is applicable to "victims of private negligence".

Thus "it must follow, as the night the day",[6] that such a limitation by reason of any required notice not required of victims of private negligence, is, under our Supreme Court's holding, violative of the equal protection clauses hereinbefore cited, and constitutionally infirm.

I do not discuss *Carver v McKernan,* 390 Mich 96; 211 NW2d 24 (1973), nor *Navarra v Board of Regents of the University of Michigan,* 393 Mich 773; 224 NW2d 833 (1974), because neither involves a tort claim against the state and thus is not to the decisional point here involved.

For the reasons herein set forth I feel obligated to vote to vacate the order granting accelerated judgment in favor of the defendant sovereignty and remand the case to the court of claims. No costs.

---

[4] MCLA 600.6431; MSA 27A.6431.

[5] For example, *see* MCLA 691.1404; MSA 3.996(104).

[6] Shakespeare, *Hamlet,* Act I, sc 3, Line 79.